M’Girk, C. J.,
delivered the opinion of the Court.
Felix Goonce brought an action of cjeclmcnt against Munday for a lot of ground m the city of St. Louis. There was a verdict and judgment for the defendant. It appears by the record that Alexander Scott and William K. Rule obtained a, judgment before a Justice of the Peace against James Malloy, for the sum of ninety dollars and costs j which judgment was obtained on the 26th day of October, 1829, and that the plaintiff filed a transcript of the judgment and proceedings before the Justice of the Peace, in the Clerlris office of (he Circuit Court of the county of St. Louis. That the Clerk issued an execution thereon, which execution was levied on the lot in question, which was sold as the property of Malloy. Scott and Rule be *265 came the purchasers, that they afterwards hy deed sold the same property to Coone, the present plaintiff. It does not appear by the transcript filed, that any execution had been issued by the Justice before the execution had issued from the Clerk as. aforesaid. That in the execution issued by the Clerk, he recites the fact that the transcript had been filed in his office, and that an execution had been issued by the Justice of the Peace, and that no goods or chattels had been found by the Constable, and no satisfaction was had on the judgment of said Justice. The Clerk’s execution therefore commands the Sheriff to levy upon the lands and tenements of said Malloy, It appears also that Munday, the defendant, claims under Malloy. Erom this state of facts, the defendant’s counsel prayed the Court to instruct the jury, that the plaintiff could not recover; which instruction was given, whereupon the defendant had judgment. The point raised in the instruction is this: whether the plaintiff must not prove upon the trial that an execution had issued by the Justice of the Peace upon the judgment by him rendered, before he was entitled to have execution on the same from the office of the Circuit Court. The plaintiff insists that if necessary, it sufficiently appears by the recital of it in the Clerk’s execution. He insists again, that it need no whore appear in evidence, and if the fact was so, that no person can take advantage of it but the defendant in execution ; and that he can only do it by motion in the Circuit Court to set aside the execution issued by the Clerk. By the 30th section oftho act respecting the Justices’ Courts, it is enacted that any person obtaining a judgment before a Justice of the Peace, for any sum above ten dollars, may file a transcript of such judgment in the office of the Clerk of the Circuit Court of the county where the judgment was rendered, which shall from the time of filing of such transcript have the same lien on the real estate of the defendant as judgment rendered in the Circuit Court. Provided no execution shall issue out of the Clerk’s office until an execution shall have issued by said Justice, and the Constable or other person to whom the same may be directed as aforesaid, shall have returned that no goods or chattels of the defendant are to be found in his township. Revised Code, 484.
It is first objected by Mr. Spalding for the defendant, that tb'e 30th section above recited gives no authority to the Clerk to issue an execution at all. Upon this point the Court are of opinion that the execution may well issue. It is true that the section aforesaid does not say that an execution shall issue, but it says that the Justice’s judgment, when filed, shall he a lien; for what purpose would it he a lien unless there were some means to enforce it. The section says, “ that no execution shall issue from the Clerk’s office until one has been issued by the Justice of the Peace,” &c. It is clear that the Legislature were of opinion that they had given the power to the Clerk to issue an execution, otherwise for what purpose would they have used this.mode of expression; can any one fairly doubt that the Legislature intended any thing else hut that an execution should issue?
It is a rule that that which is clearly implied hy a statute, is as much a part of the statute as if the same were expressed in words.
Mr. Bates for the plaintiff contends that the Clerk is entirely competent to certify in the execution, that an execution had been issued by the Justice, if it appears of record to be so.
We are of opinion that he is not entrusted by the law to certify any such fact, nor are we sure that he is hound to inquire into the fact when he is called on to issue an ■sxscution; but perhaps the better practice is for him to satisfy himself that an exe *266 cution had issued, as required by the statute, before he acts. The law expressly forbids an execution to, issue until one has issued from the Justice.
We consider the existence of this fact to be essential; the law makers had an undoubted right to prescribe the terms on which the execution might or should issue, and when they have done so, no one can dispense with those terms. With regard to properly attached, the law requires that before the property is sold, the plaintiff must give bond and security. Can any one pretend that any sale of the property would be of any value in law, unless the bond were given ? If the existence of the fact is essential, the next inquiry is, how shall it be made to appear? We think it must be proved by the party who seeks and claims an interest under it; the mode of proof is easy and plain, the record of the Justice would prove it. But the plaintiff’s counsel argues, that at best the want of the execution is only an irregularity which cannot be taken advantage of by any one but the defendant in the original action, and he cites a case from Johnson’s Reports, where an execution issued on a judgment after a year had expired without a scire facias to revive: in that case the Court held that the want of a revival was a mer e irregularity, and refused to permit a party who was no party to the original suit, to take any advantage of the irregularity. The law is clearly so ; it allows in that case the execution to issue, subject to be quashed, but says the execution is good till quashed : in the case before us, the law says the execution can have no existence. We are therefore of opinion that the Court did not err in requiring proof on the trial, that the execution had been issued by the Justice,. &c. The judgment is affirmed.