## TAYLOR *vs.* RUSSELL.

<div style="margin-right">8 701<br/>126 230</div>

Where a cause is submitted to the court, sitting as a jury, the parties must, in order to avail themselves of error in the court, separate the matters of law from the matters of fact, and call the attention of the court expressly to the point or matter to be decided.

APPEAL from St. Louis Court of Common Pleas.

SPALDING *and* TIFFANY, *for Appellant.*

1. The notice was insufficient to charge the defendant below.—Story on Bills, p. 451, sec. 382; *Ibid.*, 316, sec. 289; 2 Hills' N. Y. Rep., 587; Story on Bills, p. 316, sec. 289; 10 Johns. Rep., 490, Ireland *vs.* Hip.; 5 Martin's Rep., (new series,) 359, 137; 6 *Ibid.*, 506; 3 Little's Rep., 498, Bank of Logan *vs.* Butler.

CROCKETT *and* BRIGGS, *for Appellee.*

TOMPKINS, J., *delivered the opinion of the Court.*

This is an action commenced in the Court of Common Pleas of St. Louis county, by Samuel Russell, against William C. Taylor, on a note made by one Charles Learned, payable to the order of said Taylor, and by him endorsed to said Russell. The plaintiff, having first proved the handwriting of the defendant, proved that, on the day the note became due, it was duly presented for payment at the office of the Saint Louis Perpetual Insurance Company, where it was made payable, and that payment was refused; and that, on the morning of the day following that of the presentment and refusal, he left a notice of the dishonor of the note in the post-office in the city of Saint Louis, addressed to the defendant, who lived about four miles in the country, but was in the habit of receiving his letters at Saint

*Taylor* vs. *Russell.*

Louis from the post-office there, which was the post-office nearest to the defendant's residence. This was all the evidence offered by the plaintiff. The defendant proved his residence in St. Louis township. The court, sitting as a jury, found for the plaintiff; whereupon the defendant moved for a new trial, for the reasons following:—Because the verdict was against law, against evidence, against the weight of evidence, and against the law and evidence.

It is assigned for error — 1st, That the declaration is not sufficient in law for the appellee to have and maintain his aforesaid action; 2d, That the judgment was rendered in favor of the appellee when it should have been in favor of the appellant; 3d, That the court gave wrong instructions in favor of the appellee; 4th, That the court refused to give instructions asked for by the appellant; 5th, That the court refused to set aside the verdict, and grant a new trial, as moved for by the appellant; 6th, That the court admitted improper evidence on behalf of the appellee; 7th, That the court refused to admit evidence on behalf of the appellant.

By the 31st section of the act to regulate practice in the Supreme Court, it is provided, that "No exception in an appeal, or writ of error, shall be taken to any proceedings in the Circuit Court, except such as shall have been expressly decided by such court."

In the present case there has neither been a demurrer to the declaration, nor a motion in arrest of judgment, and yet we are called on to say that the declaration is not good. There was, indeed, a demurrer to the first count in the declaration, as originally filed; that demurrer was sustained, and the plaintiff, by leave of the court, filed an amended count to which the defendant pleaded, and he has brought up in this record the first count thus demurred to, and his demurrer, as a part of the record of this suit. It is to be wished that the legislature would enable the court to sentence the counsel, for such acts, to pay treble costs, as their clients generally are blameless. All the material parts of the bill of exceptions has been copied, and it does not appear that any instructions were asked either by the plaintiff or defendant; nor does it appear that any evidence introduced by the plaintiff was excepted to by the defendant, nor that any offered by the defendant was rejected by the court. The suit is founded on a note admitted in evidence by the court, without any objection by the defendant. The verdict, then, is not against evidence. The new trial ought not to have been granted them on that account. In Polk *vs.* The State, this Court say, that, "In all cases where the matters of fact and law are submitted, the parties must separate the matters of law from the fact, and have the opinion of the court on the points of law: then it can be seen on what ground the court decided the case. But in this case, if there be any error at all, we cannot know whether in law or in fact; and if in law, it is but fair that the court should have had its attention expressly called to the point." (See 4 Mo. Rep., 549.) In the case cited, the Circuit Court sat, too, as a jury; it is therefore immaterial whether there be a jury, or whether the court sit as a jury: in either case, the court must have its attention expressly called to the points of law to be decided.

The judgment of the Court of Common Pleas must be affirmed.