## LITTLE & NOECKER *vs.* NELSON.

Where a cause is submitted to the court, sitting as a jury, and no exceptions are taken to the evidence when it is offered, and the court is not called upon to decide any point of law, the judgment will not be reversed for error in law or fact.

APPEAL from St. Louis Court of Common Pleas.

Primm *and* Taylor, *for Appellant.*

1. It is respectfully submitted, that the St. Louis Court of Common Pleas committed error in overruling the appellant's motion for a new trial, for the reasons embodied in that motion, applying the law to the facts contained in the record.

2. Where a note is made by a tradesman, payable in clothing or specific articles, and the same does not express the *time* or *place* of payment, it is obligatory on the payee to make a demand for the same, at the place of business of the tradesman or payor, before he can convert his demand into money, and then only when he shows, on the trial, that a refusal attended such demand—the *onus probandi* being on the payee.— See Chapman on Contracts, p. 28, and following; Martin *vs.* Chauvin, 7 Mo. Rep., 277; Cornelius *vs.* McDonald; republication of Mo. Rep., vol. 2, p. 46, and authorities therein cited, and Welmouth *vs.* Patten, 2 Bibb, 280.

3. If the debtor be ready, at the time and place, to deliver the thing he has promised to give, and the creditor does not appear to receive the same; the contract or debt is as completely discharged as by a tender of the thing due.— Chifman on Contracts, p. 137 and following, and authorities there cited.

4. There was no sufficient property vested in the creditor from his selecting the cloth and ordering the debtor to make the same up into clothing, to enable the creditor to maintain trover against the debtor, without a demand for the same, and this in person, or by competent agent; *a fortiori*, he could not maintain this action.— Chitty's Pleading, p.

5. There is no sufficient statement or cause of action to be found in the record, nor is there any foundation upon which the court could legally enter up judgment upon.

B. F. Hickman, *for Appellee.*

The finding of the court (sitting as a jury) was in accordance with the evidence, and therefore the Court of Common Pleas did not err in overruling the motion for a new trial, upon the grounds filed.— 4 Mo. Rep., 518.

The order upon which this suit was brought was given for $50 in clothing, was accepted by the defendants below, who failed to furnish the clothing, and therefore they became liable for the money, and the Court of Common Pleas com-

mitted no error in refusing to arrest the judgment for the reasons assigned.— 6 Mo. Rep., 250.

TOMPKINS, J., *delivered the opinion of the Court.*

This was an action commenced by Thomas Nelson, before a justice of the peace, against Little and Noecker. Before the justice, judgment was given against Nelson, and he appealed to the Court of Common Pleas.

Before this court, as the record tells us, came both the parties, by their respective attorneys, and no jury being required, all and singular the premises were by them submitted to the court, which being seen and heard, &c., the court found that the said defendants are indebted to the said plaintiff in the sum of fifty-four dollars and thirteen cents, &c., and the court gave judgment accordingly.

A new trial was demanded for the common reasons, viz., that the verdict was against law and evidence, which was, by the ingenuity of counsel, formed into six reasons. Testimony was given on each side, from which it appears, that one Etling gave the plaintiff, Nelson, an order on Little and Noecker, tailors, for fifty dollars in clothing. The order was accepted, and the clothing made, but not being delivered to the plaintiff's order, he brought suit. There was no exception to any of the evidence when offered; and the court, sitting as a jury, was prayed to decide no point of law by either party. In such cases, this Court is not inclined to reverse the judgment of the inferior court, when it has evidence to support its finding: here the evidence was abundant.

The judgment of the Court of Common Pleas is affirmed.