BUNDING vs. MILLER.

The lien of a transcript of a judgment of a Justice of the Peace, filed with the Clerk of the Circuit Court, attaches from the filing of the transcript.

ERROR to St. Louis Circuit Court.

McBRIDE, J., *delivered the opinion of the Court.*

Elizabeth Keesacher having obtained two judgments before a justice of the peace of St. Louis county, against Hiram V. Miller, and not being able to obtain satisfaction thereof by execution from the office of the justice, filed transcripts of her judgments in the Clerk's Office of the Circuit Court on the 8th December, 1845, and immediately sued out executions thereon against the real estate of her debtor, which executions were made returnable to the next April term of the Circuit Court.

John Bunding also having obtained a judgment before a justice of the peace against Hiram V. Miller, and failing to obtain satisfaction of his judgment, by execution issued by the said justice, likewise filed, on the

*Bunding* vs. *Miller.*

8th January, 1846, a transcript of his judgment, in the Clerk's Office of the Circuit Court, and caused an execution to be issued thereon, on the same day, and returnable to the ensuing April term of said court.

The executions of both the above judgment creditors were received by the sheriff on the day of their dates, and were by him levied on the lands of the defendant, Miller, which, being sold, did not produce enough to satisfy the two executions in favor of Elizabeth Keesacher, which first came to the sheriff's hands, and to which he applied the whole proceeds of the sale.

At the April term of the Circuit Court, Bunding filed his motion for a rule against the sheriff, to compel him to apply a part of the proceeds of the sale of Miller's land to the satisfaction of his execution.

The Circuit Court overruled his motion, to which he excepted, and has brought the case here by writ of error.

To sustain the claim of Bunding to a portion of the money realized by the sale of Miller's real estate by the sheriff, we are referred to the latter clause of the third section of the act regulating judgments and decrees, R. C. p. 622, which provides that when two or more judgments are rendered at the same term, as between the parties entitled to such judgments, the lien shall commence on the last day of the term at which they are rendered. This clause of the statute, by its terms, only embraces judgments and decrees obtained in the Circuit Court, and consequently does not apply to the case under consideration, where the judgments were obtained before a justice of the peace, and are regulated exclusively by another and different statute, which declares that the lien of such judgments shall attach from the filing of the transcript. R. C. 1845, p. 659, § 17, 18.

Elizabeth Keesacher's judgments having been obtained one month prior to that of Bunding, her lien attached that much sooner than his, and her execution being the eldest by the same period of time, we cannot see any pretext for his motion to the Circuit Court, and are of opinion that the court decided correctly in overruling the said motion. Its judgment will therefore be affirmed.