Moss, Respondent, *vs.* Thompson, *et al.*, Appellants.

1. Where a writ was directed to the coroner, instead of the sheriff, *it was held* that, after a motion to quash filed, the plaintiff was properly allowed to amend the writ, by stating, as a reason why it was so directed, that the sheriff was one of the defendants.

*Appeal from Clay Circuit Court.*

*B. F. Stringfellow*, for appellants.
*Parsons*, for respondent.

Ryland, Judge, delivered the opinion of the court.

The plaintiff below brought his civil action in the Clay Circuit Court, at the February term, 1851, against the defendants, upon their bond, for the direct payment of money—$1439 75. The writ was directed to the coroner of Clay county, commanding him to summon the defendants, &c. At the return term of the writ, the defendants moved the court to quash the writ, and also to quash the return. During the pendency of these motions, the plaintiff asked leave to amend the writ, by

showing the cause why it issued to the coroner. The court granted leave to amend, and the writ was amended by stating, that " Samuel Hadley, sheriff of Clay county, being one of the defendants in this case, you are, therefore, commanded," &c. The writ being thus amended, the motions of the defendants to quash the writ and to quash the coroner's return thereon, were overruled. Afterwards defendants failing to answer, judgment was rendered against them by default. This judgment they afterwards moved to set aside. This motion being overruled, the defendants excepted. Exceptions were saved to the several opinions of the court, and this cause is brought here by appeal.

1. In looking over the record of the proceedings, no error is found. It is competent for the court to permit such amendments as were prayed for and allowed in this case ; and it was right and proper to permit the amendments in this case. The defendants have no reason to say that they have been injured by the rulings of the court in this action. No error appears to have been committed materially affecting the merits of the case. Therefore the judgment of the court below must be affirmed. It is, accordingly, with the concurrence of the other judges, affirmed, with ten per cent. damages.