JAMES CARR, Appellant, *v.* WASHINGTON L. YOUSE, Respondent.

1. *Executions—Sheriff—Coroner.*—When a writ of *fieri facias* is issued to the coroner for the reason that at the time there is no sheriff, when a sheriff is subsequently appointed and qualified the coroner may turn over to him all unexecuted writs to be executed, and his levy and sale under the execution will be good.

2. *Executions — Justices' Courts — Hannibal Common Pleas.*—By the provisions of the act of March 3, 1851 (Sess. Acts 1850-51, p. 208, § 3), it was necessary, before an execution could issue from the office of the clerk of the Hannibal Court of Common Pleas upon the transcript of a justice's judgment, that a transcript of the judgment should also be filed in the office of the clerk of the Circuit Court of Marion county; and the filing of such transcript was a condition precedent to the judgment becoming a lien upon real estate, and authorizing an execution from said Common Pleas.

3. *Executions — Justices' Courts — Transcript of Judgment — Evidence.* — The certificate of a justice of the peace, that an execution has been issued upon a judgment rendered by him and has been returned *nulla bona,* is not admissible in evidence. The fact must appear by a certified copy of the execution and of the constable's return thereto.

*Appeal from Hannibal Court of Common Pleas.*

*James Carr,* for appellant.

I. It is the policy of the law that the interests of the public shall not suffer for want of an officer to execute the judgments, decrees and orders of the courts; the sheriff, ordinarily, is the proper officer to execute such judgments, decrees and orders—R. C. 1855, § 3, p. 368; id. § 59, p. 749; Dunnica v. Coy, 28 Mo. 525; Duncan v. Matney, 29 Mo. 369.

II. Whenever a vacancy occurs in the office of sheriff, "the coroner of the county is authorized to perform all the duties which were by law required to be performed by the sheriff until another sheriff for such county shall be appointed and qualified, and such coroner shall have notice thereof —R. C. 1855, § 3, p. 350, & § 59, p. 749; 28 Mo. 525; 29 Mo. 369.

III. It is the policy of the law to sustain judicial sales, that the public confidence may not be impaired in them, and thus cause property sold by the officers of the law to bring

the full value, and the rights of debtors and creditors both be strictly secured.

IV. As between third parties, the question whether an officer came into office legally or not cannot be inquired into. The acts of an officer *de facto* are valid. Hence the levy and sale of the property in controversy, by the sheriff, passed the title of the defendant in the execution to the appellant, notwithstanding the execution was directed to the coroner.

V. It was not necessary for the sheriff's deed to recite the fact that the transcript of the justice's judgment was filed in the office of the clerk of the Marion Circuit Court. The statute does not require it. Even if there had been no evidence on file in the office of the clerk of the Hannibal Court of Common Pleas of the issuing and return of the execution to the justice of the peace before whom the judgment was obtained, still that would only be grounds for quashing such execution at the return term. It will not invalidate the title of a third party who purchases under it in good faith. It is simply directory — Murray v. Laften et al., 15 Mo. 621 ; Voorhies v. Bk. of U. S., 10 Pet. 449.

*G. Turner*, for respondent.

I. The execution in the case was directed to and received by the coroner of Marion county (and not to the sheriff), and it was incumbent on him to execute the same. It was his duty to do so, and on him the responsibility rested ; and he could not transfer the power thus vested in him to the sheriff by declining to execute it, and delivering it to the sheriff subsequently appointed. The sheriff, it is insisted, had no lawful power to execute the writ, the same not being to him directed, and no property having been taken in execution under it by the coroner ; and it was the duty of the coroner either to proceed and execute the writ according to the command thereof, or to return it to the office whence it emanated. If this view of the law be correct, then it follows that the sheriff's sale was invalid and conveyed no title to the appellant—R. C. 1855, p. 750, § 3.

II. The execution on which said sheriff's sale and deed are founded issued from the office of the clerk of the Court of Common Pleas without any sufficient basis on which to rest. There does not in the sheriff's deed, or any of the proceedings given in evidence, legally appear that any valid execution was issued by the justice and properly returned by the constable, which was a condition precedent to the issue of any execution by the clerk (if, indeed, he was authorized to issue an execution at all upon a transcript of a justice's judgment, which is not admitted).

The proceedings of courts of limited jurisdiction must be in strict conformity to the law, else their proceedings are not valid and binding — Coonce v. Munday, 3 Mo. 373; Linderman v. Edson, 25 Mo. 105; Caldwell v. Lockridge, 9 Mo. 368; 4 Mo. 116; Burk et al. v. Flournoy et al., and Stevens v. Chouteau, 11 Mo. 382; Moss v. Thompson, 17 Mo. 405.

The certificate of the justice that an execution was issued and returned, and in such time and manner, is not legal evidence of these facts, but he should furnish a copy of the execution and constable's return duly certified, which was not done in this case. Neither the clerk's execution nor sheriff's deed shows that such preliminary proceedings were had, nor does the other evidence offered by appellant show it; hence appellant did not make out a *prima facie* case of a valid sheriff's sale. This deed was properly excluded by the court below for the reason above stated.

The sheriff's deed may be *prima facie* evidence of the facts it recites, but it is not evidence of facts it does not recite, and those facts it does not recite must at least be proved *aliunde* by sufficient legal testimony; and if they be essential to its validity, and they are not thus proved, the deed is properly rejected, or, if received, disregarded.

III. The transcript in this case should have been filed in the office of the clerk of the Marion Circuit Court; that requisition of the general law, the "Act establishing the Hannibal Court of Common Pleas" does not dispense with (see Local Laws of 1845, p. 66); and it is required that it be done by

an act amendatory of said act of 1845, passed March 3, 1851 —Sess. Acts 1851, p. 208, § 3. It was filed only in the office of the clerk of the Hannibal Court of Common Pleas, and hence it is submitted that the execution under which the sheriff's sale was made was illegal.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment for a lot of land situate in the city of Hannibal, in the county of Marion. The plaintiff undertook to show title by virtue of a sheriff's sale and deed under an execution issued from the clerk's office of the Hannibal Court of Common Pleas upon a transcript of a judgment of a justice of the peace, in the township of Mason, in said county, which had been filed in the office of said clerk. The execution was directed to the coroner, reciting that there was a vacancy in the office of sheriff, but before any levy had been made by the coroner, a new sheriff having been appointed, the execution had been turned over to the sheriff and had been executed by him. The plaintiff offered in evidence his sheriff's deed, together with a certified transcript of the entries and proceedings before the justice as the same appears of record in his docket, not including, however, the execution issued by the justice, and the constable's return thereon; and he also offered a paper purporting to be a certificate signed by the justice some two years afterwards, certifying the fact that the execution issued in the case had been returned *nulla bona*, giving also the words of the return as signed by the constable.

The defendant objected to the admission of the sheriff's deed in evidence for the reasons, first, that it recited an execution directed to the coroner and executed by the sheriff; and second, that it did not show the fact that a transcript of the justice's judgment had been filed also in the clerk's office of the Circuit Court of the county of Marion. These objections were sustained, and the deed was excluded.

23—VOL. XXXIX.

Objection was made also to the admission of the certificate of the justice as to the fact that an execution had been issued by him and returned *nulla bona;* and the paper was excluded. No objection appears to have been made to the transcript from the justice's docket.

Thereupon the plaintiff submitted to a non-suit, and brings the case up by appeal.

The first objection to the sheriff's deed was not well taken. It appeared on the face of the execution itself, as well as from the other evidence in the case, that at the time when the execution was issued and directed to the coroner there was a vacancy in the office of sheriff. In such case the execution must be directed to the coroner—R. C. 1855, p. 367, §§ 2 & 3. When so directed it is proper that the reason why it is so directed should be recited in the execution— Moss v. Thompson, 17 Mo. 405. It appears also that before the coroner had made a levy, the new sheriff had entered upon the duties of his office, and the execution had been turned over to him, together with other unexecuted process in the hands of the coroner, and had been executed by the sheriff. We see no valid objection to this course of proceeding. The statute expressly authorizes the coroner, when there is a vacancy in the office of sheriff, to perform all the duties which are by law required to be performed by the sheriff, until another sheriff shall be appointed and qualified—Ibid. § 3.

It may be taken as fairly implied that when the vacancy in the office of sheriff shall have been filled, the function of the coroner in respect of these duties of the sheriff shall cease, and that all unexecuted process is to be turned over to the sheriff. Nothing is expressly said upon the subject in the statute; but the analogy of the provision respecting the duties of sheriff, in a similar case, as well as the reason of the thing, would seem to argue that such must be the proper course—Dunnica v. Coy, 28 Mo. 525. In Duncan v. Matney, 29 Mo. 368, when the former sheriff had made a levy, and advertised the property for sale under the exe-

cution, and his successor had completed the execution of the process by making the sale, it was said that the successor was bound to adopt the acts of his predecessor, so far as regular and legal, without subjecting the defendant to the cost of another levy and advertisement.

This reasoning applies with equal force in the present case. What need of incurring the delay and expense of returning the execution, and suing out another directed to the sheriff? Nor is any authority shown which would authorize the coroner to proceed with the execution of the process, when not already begun, after the appointment of a new sheriff.

The power and authority of the sheriff were as extensive as those of the coroner with respect to the execution of process; and the writ having been executed by the sheriff in conformity to law, no ground is perceived, in this respect, on which the sale made by him can be declared invalid. We think there was nothing in this objection.

The second objection appears to have been well grounded. The deed did not recite, nor was there any evidence offered to prove, that the transcript of the justice's judgment had been filed in the office of the clerk of the Circuit Court of Marion county.

The general statute required this to be done before the judgment could become a lien upon real estate within the county—R. C. 1855, p. 961, §§ 16–17. The latter act amendatory to an act establishing the Court of Common Pleas in the city of Hannibal, (Laws of 1851, p. 208, § 3,) provided " that transcripts of judgments rendered by justices of the peace in Mason township, in the county of Marion, shall be filed with the clerk of the said court of Common Pleas, as well as with the clerk of the Marion Circuit Court, in the same manner and with the same effect as they are now filed with the clerks of the Circuit Courts, but that executions shall issue solely from the said court of Common Pleas."

The purport of this provision would seem to be, that the

transcript of a justice's judgment rendered in Mason township, (within which the city of Hannibal was situated,) should be filed in the clerk's office both of the Marion Circuit Court and of the Hannibal Court of Common Pleas, before the judgment should become a lien, and before an execution should be issued thereon by the clerk of the latter court.

The reason of this enactment may be found in the consideration that Mason township was but a small part of the county, and that the office of recorder of deeds, and nearly all the records of the county affecting the title to real estate, were located at the county seat, where it would be necessary for all persons to go for the examination of titles to real estate within the county; and it may very well have been the intention of the Legislature to require the transcript to be filed there also for the purpose of notice, since it was to have the effect of being a lien, when filed, upon real estate throughout the county. It may be true that the records of the Hannibal Court of Common Pleas would also impart notice to all persons concerned. Nevertheless, there would seem to be good reason for requiring such notice in both places. Such is the obvious and direct purport, and such (as we think) the manifest interest of the statute, though it might be possible to find another and a forced construction.

It must follow that the filing of the transcript also in the clerk's office of the Marion Circuit Court was a condition precedent to the judgment being a lien on real estate, and a condition precedent to the authority of the clerk of the Hannibal Court of Common Pleas to issue an execution thereon; and consequently, that this execution, being issued without authority of law, was null and void.

A like construction has been given to a provision of the general statute, expressed in similar terms, to the effect that " no execution shall be sued out of the court where the transcript is filed, until an execution shall have been issued by the justice and been returned *nulla bona;* and it has been held that the existence of such execution and return before

Carr v. Youse.

the issuing of execution by the clerk, is a condition prece-
dent to the validity of the execution, or of the title to be
acquired at the sale, and that such fact must be proved,
either by the record of the clerk's office, or by that of the
justice, or otherwise the execution must be held void—
Coonce v. Munday, 3 Mo. 374; Bank v. Flournoy, 4 Mo.
116. It has been strongly intimated, too, that the evidence
of this fact should properly be filed in the clerk's office where
the transcript is filed, before an execution should be sued
out, and that it was the evident intention of the Legislature
that the evidence of the authority to issue the execution
should be made a matter of record in the clerk's office; but
it was not decided that the executions would be void if a
transcript of the justice's execution and constable's return
thereon was not actually so filed—Murray v. Laften, 15 Mo.
621. In that case it appeared by the transcript filed in the
clerk's office that an execution had been issued and so re-
turned, and the justice himself was not allowed to prove by
parol that such had not been the actual fact.

In this case it is attempted to prove this fact, not by any
certified transcript of the record from the office of the clerk
of the court, nor even by a certified transcript of the exe-
cution and constable's return thereon from the office of the
justice, but by a transcript of the justice's docket itself,
together with a mere certificate in writing, under the hand
of the justice, certifying the fact that an execution had been
issued by him, and had been returned *nulla bona*, giving
also the words of the return.

This evidence was clearly inadmissible. It is the tran-
script filed in the clerk's office, and which is to be recorded
there in a book to be kept for that purpose by the clerk, that
is the evidence of the lien, and is the foundation of the exe-
cution to be issued to enforce that lien; and a certified copy
of this record is the proper evidence of the authority to issue
the execution. If such record of the clerk's office does not
contain the justice's execution and the return thereon made,
then (it seems) such execution and return may be proved
by the record of the justice, (Coonce v. Munday,) or a cer-

tified transcript of the same; but it was distinctly declared in Murray v. Laften that this fact could not be proved by the parol testimony of the justice. His certificate in writing is no better evidence than his testimony as a witness would be, nor so good, for a witness on the stand could be cross-examined. Here the justice is not even called as a witness, but his certificate in writing is offered as evidence to prove these facts. Better evidence might have been procured, namely, a certified transcript of the execution and return. We are not aware of any principle of law on which this certificate could be held to be admissible evidence against the objections of the other party. If it had been admitted without objection or exception, all objections might have been considered as waived, and then it might have been held sufficient. Here objection was made and sustained. We think the paper was rightly excluded.

On this evidence offered by the plaintiff, we think there was no error in excluding his sheriff's deed.

Judgment affirmed; the other judges concur.

Motion for rehearing filed, taken under advisement, and overruled at March Term, 1867.