JAMES CARR, Appellant, v. WASHINGTON L. YOUSE, Respondent.

1. *Justice's Court — Appeal — Transcript — Execution — Hannibal Common Pleas.* — The filing of a transcript from a justice's court in the office of the clerk of the Circuit Court of Marion county was, by the act establishing the Hannibal Court of Common Pleas, made a condition precedent to the authority of the latter court to issue an execution thereon. (Carr v. Youse, 39 Mo. 346, affirmed.)

*Appeal from Hannibal Court of Common Pleas.*

The facts in this case are fully set forth in the opinion rendered in the same case at a former hearing. (39 Mo. 346.)

*James Carr, pro se.*

I. The judicial acts and proceedings of courts of general jurisdiction, where they have jurisdiction over the person and subject matter, cannot be questioned in a collateral proceeding. (Draper *et al.* v. Bryson *et al.*, 17 Mo. 71; Kemp's Lessee v. Kennedy, 5 Cranch, 173; McCormack v. Sullivan, 10 Wheat. 192; *Ex parte* Tobias Watkins, 3 Pet. 193; Barney v. Patterson, 8 Harris & Johnson, 182; Chambers v. City of St. Louis, 29 Mo. 577; Hobein v. Murphy, 20 Mo. 447; Webber & Stith v. Cox, 6 Monr. 110; Lawrence v. Speed, 4 Bibb, 401; Shields v. Powers, 29 Mo. 315; McNair *et al.* v. Biddle *et al.*, 8 Mo. 257; Jones v. Talbot, 9 Mo. 121; Coleman v. McAnulty, 16 Mo. 173; Jackson v. Bartlett, 8 Johns. 361.)

II. The Hannibal Court of Common Pleas is a court of general jurisdiction, having jurisdiction over the parties and subject matter which culminated in the sale of the property in contro-

Carr v. Youse.

versy. (Sess. Acts 1851, p. 208, § 1; Overton v. Johnson, 17 Mo. 442.)

III. The justice of the peace who rendered the judgment had jurisdiction over the defendant and the subject matter. As soon as he rendered said judgment it became *res adjudicata*, and as long as it remained in force it was in itself evidence of the rights of the plaintiff to the money adjudged, and gave him a right to process to execute said judgment. (Voorhees v. Bank of U. S., 10 Pet. 449; Thompson v. Tolmie, 2 Pet. 157; McPherson v. Cunliff *et al.*, 11 Serg. & R. 422; Gregory's Lessee v. Astor *et al.*, 2 How. 319.)

IV. The filing of said transcript in the office of the clerk of the Circuit Court of Marion county was not a condition precedent to confer jurisdiction upon the Hannibal Court of Common Pleas. *Eo instanti* that said transcript was filed in the office of the clerk of the Hannibal Court of Common Pleas, it became a judgment of said court and under the control of said court, for all legal purposes, in the same manner as if it had been originally rendered therein. (R. C. 1855, ch. 90, § 17, p. 961; Bunding v. Miller, 10 Mo. 445.)

V. The issuing of the execution, without having first filed the transcript of the judgment of the justice of the peace in the office of the clerk of the Circuit Court of Marion county, was a mere irregularity, which at most was only ground for quashing it on a motion made by the defendant at the return term, for that reason. (Foot's Executor v. Knowles, 4 Met. 386; Brewer v. Sibley, 13 Met. 175; The People v. Dunning, 1 Wend. 16; Hobein v. Murphy, 20 Mo. 447; McNair v. Hunt, 5 Mo. 300; Voorhees v. Bank of U. S., 10 Pet. 449; Wyman *et al.* v. Campbell *et al.*, 6 Porter, 229 *et seq.*; Lawrence v. Speed, 4 Bibb, 401; Webber & Stith v. Cox, 6 Monr. 110; Jackson v. Bartlett, 8 Johns. 361; Jackson v. Delaney, 13 Johns. 535; Jackson v. Robins, 16 Johns. 537; Jackson v. Cadwell, 1 Cow. 622; Speer v. Sample, 4 Watts, 367; Reed v. Austin, 9 Mo. 722.) The requiring it to be filed in the office of the clerk of the Circuit Court of Marion county is merely directory. The non-compliance with it does not render the sale under it void. It is not so

declared.   (Jump v. Batton's Creditors, 35 Mo. 193 ; Hicks v. Chouteau, Adm'r of Chouteau, 12 Mo. 341 ; Marion county v. Moffett, Adm'r, 15 Mo. 604 ; Fine v. St. Louis Public Schools, 30 Mo. 165 ; Rector v. Harth, 8 Mo. 460 ; Davis v. Wood, 7 Mo. 165 ; Alexander v. Eberhardt, 35 Mo. 475 ; Tillman & Christy v. Jackson, 1 Minn. 183 ; Hobein v. Murphy, 20 Mo. 447 ; The People v. Supervisors of Chenango, 4 Seld. 317 ; The Utica Ins. Co. v. Scott, 19 Johns. 1 ; The United States v. Bradley, 10 Pet. 344 ; Washington v. Murry, 4 Cal. 388 ; The People v. McManus, 22 How. Pr. R. 28 ; In the matter of the election of M. & H. R.R. Co., 19 Wend. 135.)

VI. The court having jurisdiction over the parties and subject matter, suppose the Hannibal Court of Common Pleas had rendered this judgment in the first instance, and an execution had been issued on such judgment, would not the sale have been valid ?   Why is not the justice's judgment of equal dignity with the judgment originally rendered in the Hannibal Court of Common Pleas ?   If so, why should a little irregularity in issuing the execution vitiate a sale under it made to a *bona fide* purchaser without notice of such irregularity ?   The judgment is either valid or void.   If valid, then the sale under it is valid, notwithstanding the irregularity in issuing the execution without first filing the transcript in the office of the clerk of the Marion Circuit Court. (Wyman *et al.* v. Campbell *et al.*, 6 Porter, 236–7.)

VII. The appellant is an innocent purchaser, without notice of said irregularity ; hence he is not affected by such irregularity. See the authorities cited under the first point.   It is the policy of the law to sustain judicial sales.   This is for the protection of the debtor and creditor both.

VIII. The statute does not require that the sheriff's deed shall recite the fact that a transcript of the justice's judgment had been filed in the office of the clerk of the Marion Circuit Court. (R. C. 1855, ch. 63, § 56, p. 748.)

IX. The point of lien or no lien does not arise on this record. The third point decided by Judge Holmes, when the case was here before, is understood to be overruled by the decision of this court in the case of Ruby v. the Hannibal and St. Joseph Railroad

Company (39 Mo. 480), on the authority of a prior decision of this court made in the case of Franse v. Owens, 25 Mo. 329.

For the foregoing reasons the second point decided between these same parties in 39 Mo. 480 should be overruled, and the judgment of the Hannibal Court of Common Pleas reversed and the same remanded.

*Lakeman & Bacon*, for respondent.

FAGG, Judge, delivered the opinion of the court.

This case seems to be precisely similar in its facts to the case between the same parties determined at the October term, 1868, of this court (39 Mo. 346). It seems, upon a careful examination of the points presented by the appellant's brief, that the second point decided by this court in the case referred to was erroneous, and we are now asked to review that decision.

The counsel seems to be under a misapprehension in relation to what was said by the judge in delivering the opinion in that case. It is true that the question of lien does not arise in the case at all. So far as that case was concerned, it might have been sufficient to have said that the filing of the transcript in the office of the clerk of the Circuit Court was, by the act establishing the Hannibal Court of Common Pleas, made a condition precedent to the authority of the latter court to issue an execution thereon. The reason why the legislature had inserted such a provision in the act was because it was necessary to impart notice to all persons, since it operated as a lien upon real estate from the time of filing. Hence, it was stated by way of argument that, without a compliance with that requirement of the act, there was no authority for issuing the execution, and it was therefore null and void. We can find nothing in the argument of counsel or the authorities referred to which will authorize a different conclusion from that reached in the former case.

Without restating the reasons upon which that decision rests, it will simply be necessary to say that the judgment of the court below will be affirmed. The other judges concur.