E. H. NORTON, GUARDIAN, etc., Defendant in Error, *v.* GEO. QUIMBY *et al.*, Plaintiffs in Error.

1. *Justices' courts — Transcripts — Executions — Returns touching summons — Execution returned within the time authorized by law, effect of — Collateral proceedings.*—In case of suit to set aside a sheriff's sale made under an execution issued in the Circuit Court upon a justice's transcript, the certificate of the justice appended thereto, that summons against defendant was returned "executed as the law directs," was sufficient evidence of proper summons, without the necessity of setting forth the same. Nor can the sale be impeached because the execution in the justice's court was returned unsatisfied sooner than the time authorized by law. For these irregularities the execution may be quashed in direct proceedings for that purpose, but not in collateral proceedings when the rights of third parties intervene.

Norton, Guardian, etc., v. Quimby et al.

### *Error to Fifth District Court.*

*Doniphan & Stringfellow*, for plaintiffs in error.

The deed of the sheriff should have been excluded, not containing the recitals required by law. (36 Mo. 115; 35 Mo. 239; 37 Mo. 194.) The transcript of the judgment before the justice did not sustain the authority of the sheriff to sell. (Coonce v. Munday, 3 Mo. 265; 4 Mo. 116.) The issue and return of the execution could only be evidenced by the constable's return, which was never made. (Carr v. Youse, 39 Mo. 346.) The return of the constable is not shown by copy or proved to have been signed. (Bennett v. Vinyard, 24 Mo. 216.)

*H. M. & A. H. Vories*, for defendant in error.

The executions in evidence may have been irregular, but they were not void. The court might, and perhaps would, as between the original parties, upon motion, have set aside or quashed the execution; but when the rights of third persons have intervened, such irregularities will not be inquired into in this collateral way. (Crawley v. Wallace, 12 Mo. 143; Murray v. Laften *et al.*, 15 Mo. 621; Dillon v. Rash, 27 Mo. 243.) The title of a purchaser at sheriff's sale would be good, even if the officer should fail to make a sufficient return, or any return at all.

WAGNER, Judge, delivered the opinion of the court.

Quimby, one of the defendants, in 1861, executed to Marshall a mortgage on two tracts of land lying in Platte county, to secure a debt of about eighteen hundred dollars. This suit was brought by Norton, the plaintiff, as guardian of one of the heirs of Marshall, to whom the debt secured by the mortgage had been allotted on distribution, to foreclose the equity of redemption and sell the land.

Quimby, the maker of the mortgage, and others who claimed the land under sales made on judgments rendered against him subsequent to the mortgage, were made defendants. The proceedings in this case are singular. None of the defendants

dispute the right of the plaintiff to recover on the note, or to have the equity of redemption foreclosed and the land sold to satisfy the indebtedness. But Quimby filed what he called an answer and cross-bill, attacking the sales made under the judgments, seeking to avoid them on account of certain alleged irregularities, charging fraud, combination, and unfairness in the execution sale, and claiming the surplus, whatever it might be, after satisfaction of the mortgage debt.

The other defendants, claiming the premises as purchasers under the executions issued on the judgments against Quimby, deny all the allegations set up in Quimby's answer or cross-bill, and assert that as the owners of the equity they are substituted to all the original rights of Quimby, and that the amount left, after paying off the mortgage debt, should be decreed to them. The Circuit Court gave judgment for the plaintiff, and decreed as prayed for in the answers of the defendants, an affirmance being had in the District Court. Quimby sued out his writ of error.

As far as any fraud or combination is concerned, the case is utterly barren. Quimby does not aver that either of the defendants, who claim as purchasers, were guilty of any fraudulent acts or improper practices, by which his rights were prejudiced; and, moreover, there was no evidence submitted to substantiate the charge. This branch of the case, then, may be dismissed without comment. It only remains, therefore, to determine whether the executions authorized the sale, or whether there was such a defect as would impair the title in the hands of the purchasers at the sheriff's sale. It seems that the land was sold on four several executions, two of which issued from judgments obtained in the Platte Circuit Court against Quimby; the other two were issued upon transcripts filed in the clerk's office from the dockets of justices of the peace.

The main objections urged in this court are that the transcripts do not show any sufficient service on Quimby to warrant the judgments, and that the executions issued by the justices were made by law returnable in ninety days, and that the constable returned them in less time.

The certificate of the justices appended to the transcripts states that returns were made by the constable, that the summons were served, and "returned executed as the law directs." The executions were returned by the constable, one in fifty-nine days, the other in sixty-one days. The case of Coonce v. Munday, 3 Mo. 373, principally relied upon by the counsel for the plaintiff in error in this court, has been greatly modified and to a certain extent overruled by subsequent decisions, and can no longer be regarded as authority for the broad doctrine therein adjudged. In Crowley v. Wallace, 12 Mo. 143, it was held that the failure of a constable to specify in his returns how or where he served the writ would not vitiate all the subsequent proceedings had upon it, so that they might be pronounced void in a collateral suit, and that if the transcript filed in the clerk's office showed that an execution had been issued by the justice, and returned "no property found," it was not necessary in a collateral suit to produce the original execution to show that an execution was properly issued by the clerk. Where an entry was made on the justice's docket stating that an execution was issued at a certain date and given to the constable of the proper township, and it was returned by the constable that there was no property found to levy the same, with the constable's name attached thereto, and the justice certified that it was an entry made on his docket, it was held that when the same was filed with the clerk it was sufficient evidence that an execution had been issued by the justice of the peace and delivered to the constable, and that that officer had returned the same *nulla bona*, and fully warranted the clerk of the Circuit Court in issuing execution on the transcript. (Franse v. Owens, 25 Mo. 329.)

So it has been decided that a copy from the docket of a justice of the peace, certifying that an execution issued to the constable of the township in which the defendant resided, and setting out the return of the constable of "no property found," is *prima facie* evidence to authorize the clerk of the Circuit Court to issue an execution upon the transcript of the justice's judgment filed in his office, though upon a direct motion to quash the execution the defendant would be at liberty to show any defect or irregu-

larity in the justice's process or the constable's return. (Ruby v. Hann. & St. Jo. R.R. Co., 39 Mo. 480.)

In the case of Murray v. Laften *et al.*, 15 Mo. 621, this · question was well considered, and the court there observes that the justice's execution constitutes no part of the title of a purchaser who buys under an execution issued from the Circuit Court; that the purchaser who takes title under the process of the court, if he looks to, or is bound to look to, the records of the court for the foundation of the execution, finds a judgment which authorizes the execution, and he finds that an execution has been issued and returned before the justice, he takes his title by his purchase, subject only to such objections as show that the proceedings are a nullity. In that case the execution was returned before the return day. In Dillon v. Rash, 27 Mo. 243, it is adjudged that an execution issued by a justice of the peace can not regularly be returned before the return day thereof. Should it be returned *nulla bona* by the constable, and a transcript of the judgment of the justice be filed in the office of the Circuit Court, and an execution be issued by the clerk upon the judgment before the return day, the Circuit Court should quash the execution. But the proceeding in that case was on a motion made by the defendant to quash, and the court in the opinion say: "We are not prepared to say that a sale under an execution founded on a return like that in the present case would be regarded as a nullity in a collateral action when the interests of third persons were involved." That is not the question here. And again: "If the execution from the Circuit Court has been executed, and a person other than the plaintiff has become the purchaser of the land and received a deed, other considerations may arise than those which grow out of the present motion."

Now, whatever irregularities may have existed as respects the transcripts, they were not nullities. I entertain no doubt but that the execution issued upon them should have been quashed had a motion been made for that purpose. But the case stands very differently now. *Prima facie* they were good, and imparted authority to the clerk to issue executions upon them; the rights

of other parties have intervened, who bought at the sale, and their interests can not be assailed collaterally. As the purchasers were not privies to any of the proceedings, their titles would not be divested, even though the judgments under which they bought were subsequently reversed or set aside. (Shields v. Powers, 29 Mo. 315; Gott v. Powell et al., 41 Mo. 416; Hann. & St. Jo. R.R. v. Brown, 43 Mo. 294.)

It is insisted that this case presents a strong claim for invoking the equity jurisdiction of the court, but I see nothing in it requiring equitable interference. The judgment of the court below can not be molested without trenching on well-settled principles, disturbing titles, and destroying confidence in judicial sales. In the way and at the time the property was sold, Quimby may have been the loser, but we are unwilling to unsettle the law for his especial benefit. By attempting to avoid particular hardships, bad precedents are frequently made. Moreover, the sales were made by virtue of all four of the executions, and no objections are made against those issued upon the judgments of the Circuit Court.

The point is raised that the judgment should be reversed because a fee of fifty dollars was allowed the plaintiff as counsel in this suit. Although I am not aware of any authority the court had for making the allowance, still I do not see how Quimby, the only party who prosecutes the case in this court, is injured by it; and as the only parties interested in the matter make no complaint, he can not do it for them.

Judgment affirmed. The other judges concur.