Waddell et al. v. Williams.

---

JOHN W. WADDELL *et al.*, Respondents, *v.* DAVID WILLIAMS, Appellant.

1. *Land titles — Sheriff's — Justice's transcript.* — The sale of real estate upon an execution issued upon a justice's transcript filed in the Circuit Court, passes a perfect title.

2. *Practice, civil — Evidence, documentary.* — The rule is that controverted facts, especially when the evidence is contradictory, will be considered in actions triable by jury as correctly found in the trial court. But when documents or records are submitted in evidence their legal effect is a matter of law.

ON MOTION FOR REHEARING.

1. *Sheriff's sale — Justice's transcript — Execution — Validity of purchase — Constable's return — Purchase in trust.* — In a suit for land claimed under sale on execution issued from the Circuit Court on a justice's transcript filed therein, *held* :

1st. That the failure of the record to show affirmatively that the execution from the justice's court was issued to a constable of the township where the defendant resided (Wagn. Stat. 839, § 14), will not invalidate the title held under the sale in a collateral proceeding. For the purpose of any such proceeding the title is valid, and parol evidence therein to show that at the time of the issue of the justice's execution and the constable's return, defendant in the execution lived in another township, is improper.

2d. It is not essential to the validity of the execution issued from the Circuit Court, or the sale under it, that the transcript embrace a copy of the execution by the justice and the *nulla bona* return by the constable, where the sheriff's deed recites the fact of such issue and return.

Waddell v. Williams.

3d. The sheriff's deed need not show that the justice's execution was issued to a constable of the township where the execution-defendant resided.

4th. The title derived from the sale is not invalidated by the fact that the purchase thereat, in its legal operation, resulted in a trust, where the property has not been charged with the trust by proper proceedings. Such trust must be ascertained and declared in equity before it can attach.

*Appeal from Lafayette Court of Common Pleas.*

*Ryland & Son*, for appellant.

The only question before this court is, has the defendant saved enough upon the record to ask the interposition of this court? The facts are, beyond doubt, for the defendant. We contend that he has. (Scott v. Brockway, 7 Mo. 61; Bauer v. Bauer, 40 Mo. 61; Morris v. Barnes, 35 Mo. 412; Bransteter v. Rives, 34 Mo. 318–321.) Defendant's motion for a new trial brought this matter properly before the court.

The evidence in this case mainly consists of deeds and other documents, and it was the duty of the court, as a matter of law, to construe them properly. (Fagin v. Connoly, 25 Mo. 94.) No declarations of law were necessary to call the attention of the court to the proper construction of the deeds.

The filing of the transcript of the judgment of Justice Currie in the office of the clerk of the Circuit Court of Lafayette county, made it the judgment of the Circuit Court from the date of the filing of it; it was a lien on the real estate of the defendant, against whom it was rendered, and the execution on said judgment issued by the clerk, and sale by the sheriff of defendant Dickson's real estate passed the title of the real estate to the purchaser thereof under the sheriff's deed.

The clerk of Lafayette Circuit Court had the power and authority to issue the execution on the transcript, and his execution was properly issued. (See Murray v. Laften *et al.*, 15 Mo. 621; Franse v. Owens, 25 Mo. 329; Burke v. Miller, 46 Mo. 260; Dillon v. Rash, 27 Mo. 243; Gray v. Payne, 43 Mo. 205; Norton, Guardian *et al.*, v. Quimby, 45 Mo. 389; Rubey v. Hann. & St. Jo. R.R. Co., 39 Mo. 480.)

*H. C. Wallace*, for respondents.

I. This court will not disturb the finding below, nor reverse the judgment of the lower court, in such a case as this. (Taylor v. Russell, 8 Mo. 701; Little v. Nelson, 8 Mo. 709; Fugate v. Muir, 9 Mo. 355; Von Phul v. City of St. Louis, 9 Mo. 49; Vaughn v. Bank of Missouri, 9 Mo. 379; Polk v. The State, 4 Mo. 549.)

If it does not appear from the record upon what ground the court below, sitting as a jury, based its decision, if there be any evidence on which. its finding could be predicated, it will not be disturbed. (McEvoy, to use, etc., v. Lane *et al.*, 8 Mo. 47, 48; Wilson v. North Mo. R.R. Co., 46 Mo. 36.)

II. Where matters of fact and of law are submitted to a court sitting as a jury, the parties must separate the matters of law from the facts, and have the opinion of the court on the points of law. so that it can be seen on what ground the court decided the case, before the exceptions can be taken to the finding of the court below; and unless this is done, this court will not disturb the finding or judgment below. (Taylor v. Russell, 8 Mo. 701–2; Little *et al.* v. Nelson *et al.*, 8 Mo. 709–10; Polk v. The State, 10 Mo. 549.)

BLISS, Judge, delivered the opinion of the court.

The plaintiffs bring ejectment, and derive title from one Dickson, through a mortgage executed November 18, 1863, and a sheriff's deed to them of October 4, 1869, given upon sale under a foreclosure of the mortgage.

Defendant also derives title from Dickson, through a sheriff's sale upon execution against him. The judgment satisfied by the execution was originally recovered before a justice of the peace in July, 1862; a transcript was filed in the Circuit Court on the 2d of February, 1863. An execution directed to a constable having been returned *nulla bona*, one was issued to the sheriff on the first of October, 1863, under which the land was sold and deeded by the sheriff, and through subsequent sales it finally came into the hands of the defendant.

The cause was submitted to the court, which found for the plaintiff and gave him judgment. No declarations of law were asked, but the defendant asked for a new trial, mainly upon the ground that the finding was against the law and the evidence; and the motion being overruled, he appealed.

The finding and judgment of the court were erroneous. The lien of the judgment against Dickson dates from the 2d of February, 1863, and the sale under the execution issued upon it passed a perfect title. (Gen. Stat. 1865, ch. 183, §§ 13, 14; Wagn. Stat. 839; Bunding v. Miller, 10 Mo. 445.) There is no evidence to invalidate this sale, and the proceedings upon which it was founded were regular, and quite as formal as we usually find them.

Counsel claim that under our practice we should not look into the evidence, but that upon the facts the finding of the trial court should be taken as correct. The rule is that controverted facts, especially when the evidence is contradictory, will be considered, in actions triable by jury, as correctly found in the trial court. But when documents or records are submitted in evidence, their legal effect is matter of law. The legal effect of the filing and record in the Circuit Court of the judgment against Dickson, with the subsequent proceedings thereon, was to pass the title out of him into the defendant's grantors; and a finding that the title still remained in Dickson and passed to the plaintiffs, through a mortgage executed after the date of the judgment lien, is contrary to law and evidence. The evidence of title is on paper, and the court committed error in misjudging its legal effect.

The consideration expressed in defendant's deed shows that he purchased at a high price. The land is doubtless valuable, yet the plaintiffs bid it in for $5, being notified at the time that the title was in others. They are entitled to no special consideration, and the judgment will be reversed and judgment entered against them in this court. The other judges concur.

MOTION FOR REHEARING.

*Alexander & Childs*, with *Wallace & Mitchell*, for respondents.

To attempt to review this case would be to express the opinion of the appellate court simply upon the weight of evidence. And in the majority of these cases, where this doctrine has been so forcibly laid down by this court, the trial was by the lower court, sitting as a jury, and the evidence documentary. The decision in this cause is in direct conflict with and a contradiction of the opinion of this court, delivered by Judge Wagner, in the case of Weilandy *et al.* v. Lemuel, 47 Mo. 322. (See also Taylor v. Russell, 8 Mo. 701 ; Little v. Nelson, 8 Mo. 709 ; Kurlbaum v. Roepke, 27 Mo. 161 ; Easly v. Elliott, 43 Mo. 289 ; McEvoy v. Lane, 9 Mo. 48 ; Wilson v. North Mo. R.R. Co., 46 Mo. 36.)

The decision in this case is contrary to the terms of an express statute. Section 17 of article VII, chapter 90, p. 961, R. C. 1855, provides that no execution shall be sued out of the court where the transcript is filed, if the defendant is a resident of the county, until an execution shall have been issued by the justice, directed to the constable of the township in which the defendant resides, and returned that the defendant had no goods and chattels whereof to levy the same. No pretense is made by appellant that this was done. The justice's docket and transcript shows the contrary. The execution under which the land was sold to appellant's grantor shows the contrary.

The sale of land under an execution is a sale *in invitum*, and if the power to sell does not exist no title passes. (See Thatcher v. Powell, 6 Wheat. 119.)

The decision in this cause, that the proceedings in enforcing the lien of the transcript, without a compliance with the law, "are quite as regular as we usually find them," and divested Dickson of his title to the land, in effect decides that the positive requirements of an express statute may be dispensed with, and that he was deprived of his title without observing the law of land, by the acts of ministerial officers, which is in conflict with

Waddell et al. v. Williams.

the former decisions of this court. (Coonce v. Munday, 3 Mo. 373 ; Burk *et al.* v. Flournoy, 4 Mo. 116 ; Carr v. Youse, 39 Mo. 346 ; *id.* 43 Mo. 28 ; Tanner v. Stine, 18 Mo. 580.)

Appellant's grantor was a co-mortgagee, under the foreclosure of which respondent purchased. He stood in the relation of a trustee of the mortgagor and his co-mortgagee. Whatever interest he acquired under the outstanding encumbrance inured to the benefit of the mortgagor and his co-mortgagee, and was held by him in trust for them, and could not be conveyed to him by the appellant. When he foreclosed the mortgage, respondents acquired this interest at the sale under the foreclosure. The appellant does not plead that he had no notice of this relationship, and the records affect him with it. (Price v. Evans' Heirs, 26 Mo. 30 ; 2 Sto. Eq. Jur. 1016 ; 1 Sto. Eq. Jur., § 307 *et seq.*)

BLISS, Judge, delivered the opinion of the court on motion for rehearing.

Plaintiffs desire rehearing for the reasons :

1. That former decisions are overruled in considering the evidence in an 'action at law. This point was made in argument and considered. We pass upon no disputed question of fact, but hold that the court erred as to the legal effect of undisputed facts. A formal declaration of law could not have made the error more apparent, and the trial court was only called upon to decide as to the effect of certain proceedings in passing title, and this is a question of law which we must review.

2. It is claimed that the decision overrules the statute and its settled construction. The defendant claims title through an execution sale upon a judgment recovered before a justice of the peace. Previous to the levy and sale by the sheriff and filing of the transcript in the Circuit Court, an execution had been issued to a constable of the county, who returned no goods, etc. The record does not show affirmatively that it was issued to a constable of the township where the defendant resided. This, it is claimed, is such an irregularity as rendered the subsequent proceedings void, and hence no title passed by the sheriff's sale after the

transcript was filed in the Circuit Court; and Coonce y. Munday, 3 Mo. 373, and other cases are cited.

These cases show that the issuing of execution to a constable, and return, are necessary to give the Circuit Court and sheriff jurisdiction, and hence the fact can be inquired into collaterally. In the case under consideration the original writ was issued to a constable of Lexington township, and returned by him as served in that township. After the judgment was rendered, an execution was issued to a constable of the same name — doubtless the same person — who returns that he could find no goods, etc., in Lafayette county. Parol evidence was offered upon the trial to show that the execution-defendant lived in another township ; and the question arises whether that fact can be inquired into collaterally.

The purchaser at sheriff's sale is bound to know that the execution is sustained by a judgment, and by such a judgment as still authorizes its issue. No execution can.issue to a sheriff upon a justice's judgment unless a previous one has been issued to the proper constable and returned *nulla bona,* and a transcript has been filed. The purchaser then will examine the transcript and certificates, and may inspect the justice's records and files, and in doing so will not be likely to find anything to show the actual residence of the execution-defendant. Neither the summons (Wagn. Stat. 815, § 16) nor the execution (Wagn. Stat. 841, § 4) show such residence, and he will only see that the summons was served, the judgment rendered, and the execution properly issued and returned. He has a right to presume that the defendant lived within the justice's jurisdiction, and may safely purchase. If the proceedings have not been regular, those interested may attack them directly and show *aliunde* facts—as that the constable was not an officer of the township where the defendant resided — that should set aside the proceedings. But if the party supposed to be injured sleeps, strangers cannot step in. The purchaser saw enough to authorize the sheriff to sell. In other words, the latter had acquired jurisdiction upon the record, and the sale cannot be treated as void. In this collateral proceeding, the evidence that tended to show that the execution-defendant was

not residing in Lexington, but in another township, when the execution issued, should not have been considered; and such is the spirit of the decision in Murray v. Laften, 15 Mo. 621.

3. The only evidence of the execution and return was a minute in the transcript that one was issued, with a certified copy of the return, and it is therefore insisted that the subsequent execution issued to the sheriff was unauthorized and void. As intimated in Murray v. Laften, it would be well if a transcript of the justice's execution and return thereon were filed and recorded with the transcript of the judgment; and when so made it would furnish record evidence not to be collaterally contradicted. But this is not the only admissible evidence. The original execution, with the return, may be found, and the fact of its issue and return may be thus proved. In Carr v. Youse, 39 Mo. 346, the court held that a mere certificate of the justice that an execution had been issued and returned *nulla bona* was not sufficient, but if the record in the clerk's office does not contain the justice's execution and return, they may be proved by the record of the justice itself or a certified transcript of the same. The record then in the clerk's office seems to be defective in not containing a copy of the execution, as well as of its return, and no evidence of such execution was offered *aliunde*.

Did this omission in the trial below render the sheriff's deed a nullity? If it were necessary for the defendant, in order to sustain the deed, to go back of it and show the regularity of the proceedings upon which it was founded, then, under our decisions, he probably failed, inasmuch as he neither produced the original execution nor a transcript of it or of its record. I cannot but think our decisions have been rigid in this regard, and contrast with the liberality shown to sheriffs' sales under judgments in courts of record. The justice's execution constitutes no part of the title of the purchaser at the sale by the sheriff, but is a mere preliminary requirement before an execution can issue by the circuit clerk. It would be difficult and often impossible, after a lapse of years — so loosely do many of our local magistrates keep their papers — to find the originals; and as the law does not point out what, except the transcript of the judgment itself, shall

be filed and recorded, it might be well, in the interest of titles, to be less stringent as to proofs of this preliminary matter.

But the defendant did produce evidence made competent by statute, that the justice's execution was issued and return *nulla bona*. Section 14 of the article concerning justices' judgments (Wagn. Stat. 839) provides that a judgment of a justice of the peace, when the transcript is filed with the circuit clerk, shall be "carried into effect in the same manner and with like effect as judgments of Circuit Courts," etc. Executions are issued and sales are made the same as upon Circuit Court judgments, and the deed of the sheriff has the same legal effect. By section 54 of the act concerning executions (Wagn. Stat. 612), certain recitals are required to be made in the sheriff's deed, "which recitals shall be received as evidence of the facts therein stated." In McCormick v. Fitzmorris, 39 Mo. 24, this court held these recitals to be presumptive evidence of the facts recited. The sheriff's deed offered in evidence recited the facts that an execution was issued by the justice of the peace and that it was returned *nulla bona*, before the issue of the one upon which he made the sale.

It may be said that this recital is insufficient because it does not show that the justice's execution was issued to a constable of the township where the execution-defendant resided. The facts recited in the deed are taken from the execution placed in the sheriff's hands by the circuit clerk, and there is nothing upon the clerk's records to show the domicile of the execution-defendant. He could only see that the original summons was served in Lexington township by one of its constables, and that an execution was issued to and returned by the same constable. No paper would show the residence, only as it would be presumed from the fact that the service of the summons was in Lexington. Hence, if he stated such residence it would be from inference that the justice did his duty, and not from any facts which the record should furnish him. I cannot, then, consider such recital, or its correctness if made, as essential to the validity of the execution and sale under it.

4. It is also insisted that the defendant's original grantor, the one who purchased at the execution sale, was also mortgagee with

others, and that his purchase was in trust for all the mortgagees. Saying nothing upon the main proposition, does it follow that, without an ascertainment of the trust by a direct proceeding — a proceeding that shall, if the trust be found, find the sum paid and provide for its reimbursement — it so attaches to the property that no title can pass through the purchase? The trust, if one exists, is not by contract, but must be ascertained and declared in equity before it can attach. The present proceeding assumes that the plaintiffs have the legal title, when in fact such title passed to the defendant's grantor by the sale; and if the plaintiffs would charge the property with a trust, they must do it directly and by an appropriate proceeding. I find no points in the motion not before considered, although not commented upon in the original opinion.

The motion is overruled. The other judges concur.