(*) GREEN *versus* WALKER.

In construing a replevin bond, to ascertain whether it conforms to the statute requirement, the intention of the parties must govern.

To ascertain that intention in case of doubt, regard must be had to the general purpose and object of the instrument.

Upon the assumption that the parties acted in good faith, the construction should be such as to render the instrument available for its purpose, rather than such an one as will defeat it.

In an instrument, intended and used as a replevin bond, a condition by which the plaintiff obligor is bound to pay to *himself,* instead of the *defendant,* the damages and costs, which may be recovered in the suit, will be deemed a

(*) Cases with this mark were prepared by JUDGE REDINGTON, former Reporter.

clerical error, and be construed as a condition to pay to the *defendant* such damages and costs as the *defendant* may recover in the suit.

Such an error, therefore, will not defeat the efficiency of the bond.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. TRESPASS for taking the plaintiff's cow.

The defendant justified the taking, as an officer, by virtue of a writ of replevin in favor of one North against the plaintiff. In support of the justification he read the replevin writ and bond. The condition of the bond, *inter alia*, was that "if said North, (the *plaintiff* in replevin,) shall prosecute the said replevin to final judgment, and pay such damages and costs as the said *North* shall recover against him," &c.

The plaintiff then objected that *such* a bond, in which the *plaintiff* in replevin binds himself to pay, not to the defendant in replevin but to himself, such damages and costs as he himself might recover against himself, could not justify the officer in taking the cow. The Judge, for the purposes of this trial, ruled that, because of the defect in the bond, the replevin writ furnished to the defendant no justification.

The verdict was for the plaintiff, and the defendant excepted.

*Cutler,* for the defendant.

*Tripp,* for the plaintiff.

APPLETON, J. — The defendant, as an officer, replevied the property in dispute, on a writ in favor of Daniel North, from the possession of the plaintiff, who commenced his action for such taking, on the ground that no such replevin bond as the statute requires has been given.

To justify the taking of property by virtue of a replevin writ, it must be averred and proved that a bond, for the return of the property replevied and for the payment of costs and damages, was delivered with the writ to the officer or was in his hands before the service was completed. The bond is the security required for the protection of the per-

son from whose custody the property is taken, and if not given in accordance with the statute, the officer is a trespasser.

That a bond was given in this case is admitted, but the plaintiff denies that it affords the security required, or that it can be regarded as a statute bond. The intention of the parties must govern in its construction. To ascertain that intention, in case of doubt, recourse must be had to the general purpose and object of the instrument. It may be assumed that the parties did not intend to enter into idle and nugatory stipulations. The presumption of law is, that they acted in good faith. Such a construction therefore should obviously be given, as will render the contract in question available for the purposes for which it was made, rather than such an one as will destroy its efficiency. In *Bullen* v. *Wigge*, 1 Saund. 65, the Court held that, to support the condition of an arbitration bond, they would transpose or reject insensible words, and construe it according to the intention of the parties. In *Bache* v. *Proctor*, Doug. 384, BULLEN, J., approved a decision in the Common Pleas, where the condition of a bond was that it should be void if the obligor did not pay, and performance being pleaded on the ground of the literal expression, the Court held that " the palpable mistake of a word should not defeat the true intent of the parties." In *Waugh* v. *Bussel*, 5 Taunt. 700, the insertion of the word " hundred" was deemed an immaterial alteration in a bond, as, says GIBBS, C. J., "it is sufficiently manifest that the word ' hundred' is there accidentally omitted, and what has preceded has sufficiently shown what was to be done. The sentence is made intelligible by the context." In *Coles* v. *Hulme*, 8 B. & C. 568, in the obligatory part of the bond the word pounds was omitted; it merely stated that the obligor became bound in 7700, without stating what description of money. Lord TENTERDEN, C. J., says, " it appears that the intent was that the defendant should enter into a bond for securing P. Coles various sums of money described in these recitals as being composed

of pounds sterling and other money of a smaller denomination. That being so, I cannot entertain any doubt that the obligor should, in order to secure the payment of these sums, become bound in a penalty also consisting of pounds sterling; and if that were so, then the bond ought to be read as if the word pounds were inserted in it." In *Loveland* v. *Knight*, 3 C. & P. 106, BAYLEY, J., says, "if on looking at the whole instrument, we see that there is a mistake and the context shows what it should be, we are bound to read it correctly." "When a word is omitted in the condition of a bond without which the condition is insensible, if it appears from other parts of the bond what the meaning of the parties was, the Court will supply or add the word to the condition," per GREEN, J., in *Kincannon* v. *Currel*, 9 Yerg. 13. So a senseless or repugnant condition will not affect the true intent of the bond; as if the condition be that the obligor do not pay. *Stockton* v. *Turner*, 7 J. J. Marsh. 192.

"Where the words of a bond are not sufficiently explicit," says PARKER, J., in *Teal* v. *Van Wyck*, 10 Barb. 379, "or if literally construed, their meaning would be nonsense, it must be construed with reference to the intention of the parties. In doing this, it is allowable to depart from the letter of the condition, to reject insensible words and to supply obvious omissions."

The bond in this case gives the names of the parties to the replevin suit, describes the property and its value, and is for the required sum. It specifies the name of the magistrate before whom, and the time when, and the place where the cause was to be heard, and conforms in all respects to the requirements of the statute, except that in the condition the name of the obligor is inserted, where that of the obligee should have been. It was given and received as a replevin bond, and accomplished its purpose by enabling the plaintiff in replevin to obtain possession of the property replevied. We cannot presume the mistake was made with a fraudulent intent to defeat the obligation. That the substitution of

one name for the other is a mere clerical error, is manifest, unless we suppose the obligors intended an absurd and idle stipulation, for they must have known that the plaintiff in replevin could not recover cost against himself, and must have been aware of the folly of a condition that he should pay such sum as might thus be recovered. The error of the scrivener is manifest. No one who reads the bond can avoid perceiving it. It is patent on the face of the instrument. If we ignore it or refuse to perceive it, we alone do it. The condition itself shows the mistake. There is no need of parol evidence for its correction. It corrects itself by the context. "A court of law, in the construction of an instrument, will correct a palpable mistake and give it the meaning intended by the parties." *Marion* v. *Faxon*, 20 Conn. 487. "It explains itself readily," says STORRS, J., in that case, which was on a receipt for goods attached and where a mistake like the one under consideration occurred. Such too, is the rule of the civil law which provides that if the error of the notary in writing is manifest, the contract ought to be supported." Dig. 50, 17, 92. The bond must be regarded as a valid bond. The instructions given in reference to the writ and bond were erroneous, and a new trial must be had.

*Exceptions sustained. New trial granted.*

SHEPLEY, C. J., and TENNEY and WELLS, J. J., concurred.