HENRY, *Appellant*, v. BELL.

1.    **Township Organization**: TAXES. In a county which had adopted the Township Organization law of 1873, after the tax-books of the current year had been delivered to the collector, the township board in one of the townships levied a special tax for township purposes, and the clerk of the county court, by order of the board and without any order of the county court, recalled the book for that township and extended the special tax upon it. *Held*, that this was without authority of law, that the tax was unlawful, and the tax-book was no protection to the collector in enforcing payment.

2.    **Practice in Supreme Court**: INSTRUCTIONS. Where the facts are

undisputed and their legal effect only is in question, this court may review the decision of the lower court though no instructions were given or refused.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED:

*A Henry pro se.*

The evidence of the county clerk shows that he levied the regular township tax in April, as was his duty under the law, and that after he received the order from the township board, June 7th, he made another and additional levy in this township which was unauthorized, and could not be legally made. See Township Organization, Acts 1873, page 118, sections 16, 17, 18, in which the clerk's powers and duties are defined; so that it appears, his duty had been performed and his authority exhausted, when, as in his evidence he says, he had done all required by these sections in the time prescribed by law. So he had no power afterward, on his own motion, or by any order of the township board, to make an additional levy. The county court, by the law in force, (Acts 1873, § 15, p. 118,) alone could fix the township tax, and this the court had done before.

*E. J. Smith* and *P. H. Holcomb* for respondent.

No instructions or declarations of law were asked or given in this case, and no questions of law were raised or determined by the court below, and there is nothing for this court to review. 47 Mo. 322; 43 Mo. 289; 46 Mo. 36. The only thing possibly shown by the record here, if anything at all is shown, is that there was a mere irregularity in the assessment and levy made by the township board. This would not prevent the enforcement of the tax. 47 Mo. 393; 48 Mo. 282.

RAY, J.—This is an action of replevin against Bell, to recover possession of a mare taken by him from plaintiff. Defendant's answer is a general denial, and the case made by the evidence is, that defendant was collector for Mt. Pleasant township, in Bates county, and seized the mare for township taxes, claimed against plaintiff, which he refused to pay. He paid his taxes, except a special tax levied upon the taxable property of said township, to pay $7,000 which the township had agreed to pay C. C. Bassett and Henry for services as attorneys at law in certain cases against Bates county, on bonds issued by said township to a certain railroad company. It is the special tax which the plaintiff resists.

It appears from the evidence of the county clerk, who was introduced as a witness by the defendant, that this
1. TOWNSHIP OR-    special tax in question was not upon the
GANIZATION:
taxes.            original tax-books, as made out and delivered
by the county clerk to the collector of Mt. Pleasant township as authorized and required by section 17 of article 15 of the session acts of 24th of March, 1873, and by virtue of which the defendant justified said taking of said mare. It also appeared by the testimony of said clerk, that in pursuance of an order of the township board of Mt. Pleasant township, he added the special tax to said tax-books for said township on the 7th day of June, 1876, sometime after they had been originally placed in the hands of said collector as his authority for collecting said taxes.

By section 15 of article 15 of the Township Organization Act, which was then in force in said county, the county court of said county, at its April term in each year, was required to examine the assessment rolls of the several townships in the county, for the purpose of equalizing the valuation in the several townships, and to correct the several lists, if necessary, and to fix a certain rate to be levied upon each $100 of taxable property for county purposes, and at the same time to enter upon its records the amount

to be collected, in each township, for township purposes. Section 16 required the clerk of the county court, upon receipt of the township assessment lists, to make a copy of them, by townships, and to lay both the copies and originals before the county court at its April meeting in each year, after which he was to cause the taxes to be extended on said copy, and cause the same to be indorsed on the original lists, the amount per cent levied on each $100 worth of property, as taxes thereon. It then provided that the original rolls should remain in his office until the month of March ensuing, when he should deliver them to the clerks of the respective townships, to be filed in their townships. Section 17 made it the duty of the clerk to make out annually, for the use of the township collectors, correct duplicate tax-bills, side by side, in a bound book, of all taxes on all property assessed in the township; and that the tax-bills should set out in alphabetical order the names of the persons owing taxes, the value of such tract or lot of land and the amount of taxes thereon, the aggregate value of the property assessed to each person, and the total amount of taxes due thereon, and that said tax-bills should show the amount of State, county, township, school, bridge or other taxes, separate; the township collector to be charged with the aggregate amount of the tax-lists, and to give duplicate receipts therefor. In the 3rd subdivision of section 1 of article 9, it is made the duty of the township board of directors " to levy all taxes for township purposes, road and bridge purposes, and all other duties provided by the act for the township board of directors to perform ;" but by section 6 of the same article it is provided that: " The money necessary to defray the township charges of each township shall be levied on the taxable property in such township, in the manner provided in the act for raising revenue and other moneys for State and county purposes and expenses.'

Where, in these sections, or elsewhere, the county clerk derived his authority to extend the special tax in

question, on Mt. Pleasant township tax-books, we have not been able to discover. The county court, it seems, did its duty under section 15 at its April term, and on the 7th day of June thereafter, without any order of the court, but on the order and demand of the township board of said township, the county clerk extended in the books, recalled for that purpose, the tax in question. He had no authority to do so, and this is not the case of an irregularity in the levy of a legal tax, but a levy made by one who had not the semblance of authority to do so, and such a levy so made, affords no defense to a collector for a seizure of property under it. If the special tax, in question, had appeared upon the tax-book, as originally made out and delivered to the collector under section 17 of article 15 as aforesaid, by authority of the 15th and 16th sections of same article, it would have been a valid process and a complete defense to this action, regardless of any mere irregularities there may have been in the assessment, levy or other preliminary step prior to its issuance and delivery to him; provided there was any valid authority whatever to levy the special tax, in question—upon which we express no opinion. *St. Louis Building & Savings Association v. Lightner*, 47 Mo. 393; *State to use of Pacific R. R. Co. v. Dulle*, 48 Mo. 282. But the unauthorized alteration of the process in question, after it came to his hands, by the addition of the special tax in question, so made by the county clerk, at the direction of the township board of directors, deprived it of all semblance of authority, if any it had so far as this special tax is concerned, and to that extent it was utterly void and affords no defense to this action.

As no declarations of law were asked and given or refused, it is contended that there is nothing to review, and

2. PRACTICE IN SU-
PREME COURT: in-
structions.  *Weilandy v. Lemuel*, 47 Mo. 322; *Easley v. Elliott*, 43 Mo. 289, and *Wilson v. N. M. R'y Co.*, 46 Mo. 36, are cited in support of that proposition. What the court held in those cases, was that in the absence of instructions asked and given or refused, it would not

review the evidence to determine whether the court was justified in the finding and judgment or not. Here there is no conflict of evidence. There is no evidence to weigh, and the only question is, whether upon the uncontroverted facts the plaintiff was entitled to recover. While no instructions were asked or given, the court trying the cause without the intervention of a jury, manifestly held that the tax was legally levied, in reaching its conclusion that it afforded a defense for the seizure of the mare by the defendant as township collector. *Walter v. Ford*, 74 Mo. 195. The rule on this subject is, that controverted facts, especially when the evidence is contradictory, will be considered in actions triable by jury, or by the court sitting as a jury, as correctly found by the jury or trial court. But where, as in this case, documents or records are submitted in evidence, their legal effect is a matter of law, and reviewable in this court, whether any instructions were given or not. So, too, where any objection is made to the admissibility or competency of evidence, and overruled, and exceptions saved, such errors are reviewable in this court, although no instructions were given or refused. *Waddell v. Williams*, 50 Mo. 216.

The judgment, which was for defendant, is reversed and the cause remanded for further proceedings, in conformity with this opinion. All concur.