KNAPP, STOUT & Co., Appellants, v. HALE STANDLEY, Garnishee of SWIGGETT BROS., Defendants; STAFFORD & RIX, Interpleaders, Respondents.

Kansas City Court of Appeals, May 11, 1891.

1. Appellate Practice : FACTS UNDISPUTED : DUTY OF COURTS Where the material facts are undisputed the appellate court must review their legal effect and decide whether the judgment is warranted by such undisputed facts.

2. Judgments : WHAT IS SUFFICIENT : ASSIGNMENT : STATUTE : NOTICE. A judgment may be assigned like any other chose in action, and the assignee may sue in his own name. The statutory mode is only cumulative, and not exclusive. An assignment before attached to the judgment and attested by the clerk is good between the parties ; but it would not bind the judgment defendant until he receives notice, while a statutory assignment imparts notice to all parties.

3. **Attachment**: JUDGMENT: ASSIGNMENT: PRIORITY. A judgment was assigned on a separate piece of paper before the assignor was attached and afterwards was filed with and attested by the clerk. In a contest between the attaching creditors and the assignee, *held*, that the attachment creditors were not purchasers for value and had no such rights, and the attachment defendants had no interest in the judgment subject to attachment.

4. **Trial Practice**: VERIFICATION OF INTERPLEA. An interplea may be verified by the attorney of the interpleader to the best of his knowledge and belief.

*Appeal from the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Hale & Son,* for appellants.

(1) The answer in this case is a general denial and puts in issue the facts alleged in petition of interpleader. The alleged judgment of Swiggett *et al.* was not offered in evidence, and there was nothing before the court to show the amount or date of said alleged judgment, neither were the alleged garnishment papers against Hale Standley offered in evidence. There was, therefore, no facts before the court, which would authorize or sustain the judgment rendered, and the motion for a new trial and in arrest should have been sustained. (2) This was a race between creditors; the garnishment served by the sheriff on Standley would be a lien on the debt from the date of service, that is, between one and two o'clock P. M., December 12, 1888, and unless the assignment had been in good faith, made and delivered to Stafford & Rix before that date, the garnishment would have the priority. The assignment bears date December 12, at eight o'clock A. M. The notary public states, in his acknowledgment, that it was executed about ten or eleven o'clock A. M. of that day; the clerk in his indorsement states that it was filed at four o'clock P. M. of that day. Admitting for

the sake of the argument that the assignment was made in good faith and without fraud to Stafford & Rix, and not a mere scheme on the part of Swiggett Bros. to beat the attaching creditor, yet the assignment was not complete in law until it was attached to the judgment record. Whilst it may have been good in equity, it will not be allowed to displace the legal claim of Knapp, Stout & Co. acquired under the garnishment between the actual date of the assignment, say ten o'clock A. M., and the date when filed, say four o'clock P. M. This assignment was only equitable, prior to its being attached to the judgment rolls. *Burgess v. Cave*, 52 Mo. 43; Freeman on Judgments [3 Ed.] sec. 421. If Swiggett Bros. had made a statutory assignment of this judgment to plaintiff at the time the garnishment was served it would have cut out a previous equitable assignment, unless it had been shown that they (plaintiffs) had notice. Will not the garnishment under the attachment writ have the same effect? *Pritchett v. Toole*, 53 Mo. 356; *Field v. Milburn*, 9 Mo. 492; *Clodfelter v. Cox*, 1 Snead (Tenn.) 330; *Van Buskirks v. Ins. Co.*, 14 Conn. 145; *Murdock v. Finny*, 21 Mo. 138; *Heath v. Powers*, 9 Mo. 774; 2 Schouler, Personal Property [1 Ed.] p. 678. (3) The interplea in this case is verified by V. M. Conkling, attorney, who simply states in his affidavit that he believes the facts to be true. This is not sufficient. It should be verified by the affidavit of the claimant, or some other person competent as a witness who claims to know the facts. *Furniture Co. v. Raddatz*, 28 Mo. App. 212.

*Virgil Conkling*, for respondents.

(1) To say that the paper attached to the record was before the court, and that the record itself was not there, is a species of hair-splitting legerdemain which, it is hoped, will be found without merit. (2) What was the nature of this assignment? If not attested by

the clerk and attached to the record, it might have been only equitable. This had not been done before the service of the garnishment, but it was done afterward upon the same day, and with all possible diligence. But a few hours elapsed between the execution of the assignment at Bosworth and its filing at Carrollton. Did not this constitute it a statutory assignment from the time of its execution? But, if only equitable, what was its effect? It was an absolute appropriation of the judgment debt in favor of respondent as against the assignors and their attaching creditor, to whom no notice was required. The appellants are not in the position of a subsequent assignee without notice of a prior assignment, and its authorities cited are, therefore, foreign to this case. Respondents were not bound to give the garnishee or attaching creditor notice of the assignment. *Pellman v. Hart*, 1 Pa. St. 263; *Dix v. Cobb*, 4 Mass. 508; *Crayton v. Clark*, 11 Ala. 787. An assignment of a debt will protect the rights of an assignee though no notice be given to the debtor before the attachment, if notice be given afterward in time to prevent judgment against him as garnishee. In such case the attaching creditor has no better position than the debtor under whom he claims. *Smith v. Sterritt*, 24 Mo. 260; Drake on Attachment [3 Ed.] secs. 608–615. (3) Appellants next object that the interplea filed by respondents is not properly verified. This objection was not raised in the trial court in any manner and cannot be made here for the first time. *Cravens v. Jameson*, 59 Mo. 72; *Hirt v. Hahn*, 61 Mo. 797. However, the interplea was properly verified. The affiant was the agent and attorney of the interpleaders, and was sworn upon his knowledge and belief. He was competent as a witness, and claimed to know the facts. The authority cited by appellants sustains our position.

SMITH, P. J.—In the attachment suit of Knapp, Stout & Co. against Swiggett Bros. one Hale Standley

was summoned as garnishee. The interpleaders, Stafford & Rix, filed an interplea in the attachment suit wherein they claimed that they had acquired the title to a certain judgment in favor of the attachment defendants against the garnishee, Standley, for $334.17, under a certain assignment made to them by the attachment defendants for a valuable consideration, before the service of the garnishment. The attachment plaintiffs interposed a general denial to the interplea. The case was submitted to the court without the intervention of a jury. The evidence in the record before us discloses that the attachment defendants executed a formal assignment, in writing, of the judgment to the interpleaders on or about ten or eleven o'clock A. M. of December 12, 1888, which assignment was attested by the clerk of the circuit court of Carroll county—the court wherein the judgment was rendered—at four o'clock P. M. of that day. The sheriff summoned the garnishee in the attachment suit between one and two o'clock P. M. of same day. No instructions were given or refused. The court found the issue for the interpleaders. The attachment plaintiffs filed a motion for a new trial on the ground that the judgment was against the evidence.

The material facts not being in dispute—there being no evidence to weigh—we must review their legal effect, and decide whether the judgment is warranted by such undisputed facts. *Bruen v. Fair Ass'n*, 40 Mo. App. 425; *Waddell v. Williams*, 50 Mo. 216; *Henry v. Bliss*, 75 Mo. 194; *Douglass v. Orr*, 58 Mo. 573; *Moore v. Hutchinson*, 69 Mo. 429. The attaching creditors contend that the assignment of the judgment was fraudulent as to them. So that the sole question is, whether the assignment which was executed before the service of the garnishment, but not attested by the clerk until a couple of hours afterwards, was effectual to vest the title of the judgment in the interpleaders, as against the lien of

the attaching creditors. The assignment, being in writing, attached to the judgment and attested by the clerk, met the requirements of the statute. R. S., sec. 2672. It was sufficient to vest the title of the judgment in the interpleaders. The assignment being in writing, though on a separate paper, was complete and effectual as between the attachment defendants and the interpleaders before it was attached to the judgment and attested by the clerk. A judgment may be assigned like any other chose in action, and the assignee may sue in his own name. The mode pointed out by the statute is cumulative and not exclusive. But, while the assignment, before it is attached to the judgment, and attested by the clerk, is effective between the judgment plaintiff and the assignee, it would not bind the judgment defendant until he receives notice of it. The latter might pay it to the plaintiff, and be discharged in the absence of such notice. But, when the assignment is attached to the judgment and attested by the clerk, it then imparts notice to all parties. *Tutt v. Couzins*, 50 Mo. 152.

The attachment creditors were not purchasers of the judgment for value from the attachment defendants, and have no rights as such. At the date of the garnishment the attachment defendants had no interest in the judgment that was subject to attachment as their property. *Stillwell v. McDonald*, 39 Mo. 283. The denominating principle of this case is analogous to that in those cases where it was ruled that a *bona fide* purchaser of real estate, who had failed to record his deed until after judgment is obtained against the vendor, but who records it before a sale under the judgment, would hold it against a purchaser under the judgment; and this, though the judgment and sale be in a suit by attachment. *Davis v. Ormsby*, 14 Mo. 175; *Valentine v. Havener*, 20 Mo. 133; *Potter v. McDowell*, 43 Mo. 93; *Stillwell v. McDonald*, 39 Mo. 283; *Fox v. Hall*, 74 Mo. 315; *Vance v. Corrigan*, 78

Mo. 96. The assignment of the judgment, we think, passed the title of the attachment defendants to the interpleaders. The attachment defendants had no interest therein subject to attachment. As the attachment creditors have, in their brief, truly said, the contest " was a race between creditors ;" the only question is that of priority. The attaching creditor is, in respect to the judgment, in no different situation from that of the defendant under whom they claim. The title to the judgment had passed under the assignment to the interpleaders before the garnishment.

Even if the objection to the sufficiency of the verification of the interplea could be raised here for the first time, we think, since it is made by the attorney for the interpleaders, that it is sufficient.

It results that the judgment of the circuit court will be affirmed. All concur.