SIEFERER v. CITY OF ST. LOUIS, *Appellant*.

In Banc, November 30, 1897.

1. **Appellate Practice:** APPLYING THE LAW. It is the uniform practice of the Supreme Court to apply the law to the facts where there is an agreed state of facts, or where the evidence is wholly documentary, and the legal effect is simply a matter of law.

Sieferer v. City of St. Louis.

2. **Appellate Practice:** CONDEMNATION PROCEEDINGS. The plaintiff sued in ejectment for a strip of land which had been condemned for street purposes. The city undertook in the circuit court to establish a valid condemnation, which was controverted at every point by plaintiff, and also tried to show that plaintiff's ancestor, who was named in the petition of condemnation proceeding as the owner, was in fact the owner at that time. No declarations of law were asked by either side, and judgment was for plaintiff. *Held*, as it is impossible to tell upon what theory the case was tried, the judgment of the circuit court should stand.

3. **Condemnation Proceedings:** KNOWN AND UNKNOWN OWNERS. Under the scheme and charter of St. Louis the name of known owners of land sought to be condemned must be set forth in the petition; if the owner is unknown, there must be an order of publication, and a correct description of the land must be set forth.

4. **Ejectment:** PARTIES. A successful suit in ejectment in which the husband is the only plaintiff, although the title to the land was in his wife.

5. **Practice:** EVIDENCE: CONSIDERED ADMITTED. Evidence is considered as admitted under this order of the court: "Received subject to objection."

6. **Ejectment:** DAMAGE TO CROPS. Under section 4638, Revised Statutes 1889, the successful plaintiff in ejectment is entitled to recover damages which were caused by the city's tearing down his fence and destroying his garden, in a condemnation proceeding wrongfully begun against another person.

7. ———: RENTS AND PROFITS. If the land in controversy is in cultivation there is evidence on which to base a finding for rents.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*W. C. Marshall* for appellant.

(1)  The circuit court erred in rendering judgment for plaintiff, and should have entered judgment for defendant. *Kane v. Railroad*, 112 Mo. 34; *Watson v. Railroad*, 47 N. Y. 157; *Wilson v. Hathaway*, 42 Iowa 173; *Brown v. County Com.*, 12 Metc. 208; R. S. 1889, secs. 2418, 2419, 2420. (2)  If a person acquires an

interest after the commencement of the proceedings, he should be regarded as a purchaser pending the litigation, and bound by the judgment in which it results. *Smith v. Ferris*, 6 Hun. (N. Y.) 553; *Tasker v. Small*, 7 L. J. (Ch.) 19; *Bird v. Railroad*, 34 L. J. (C. P.) 366; *Wiley v. Railroad*, 18 L. J. (Ch.) 201; *Brown v. Co. Comrs.*, 12 Metc. 208; *Bell v. Cox*, 23 N. E. Rep. (Ind.) 705; *Stewart v. White*, 11 S. W. Rep. 568; *Railroad v. Helm's Heirs*, 8 Bush. 681; *Smith v. Railroad*, 67 Ill. 161. (3) The circuit court erred in permitting evidence to be introduced of damage done to growing crops by the city when it took possession of the property as a part of Martin avenue. The prayer of the petition is for a judgment for possession, and for $500 damages and costs of suit. There is no issue tendered as to any damage that was done to growing crops, and therefore no such issue joined in the case. (4) The judgment of the circuit court assessing damages is excessive. There was absolutely no evidence upon which the court could predicate a judgment for damages for detention. No witness testified to the value of the withheld premises, nor, for that matter, to the value of any of the premises, except the value of the fence and the growing crops.

*H. A. Loevy* for respondent.

(1) This was a case triable by a jury. A jury was waived and no instructions were asked or given. Therefore the action of the trial court is not open for review. (2) The condemnation suit was a nullity. *First.* Because it does not appear affirmatively by the record that the circuit court, in term time, or a judge thereof in vacation, ordered issue of writ on filing of petition. This is jurisdictional. Charter, 2 R. S. 1889, p. 2120, secs. 2, 3. *Second.* Because the land sought

to be condemned was not described in the petition therein. (3) None of respondent's objections to the evidence offered by appellant were ruled on by the court during the trial. The evidence was taken subject to objection, the objections to be passed on later. As the bill of exceptions and abstract do not show that the court at any time ruled on the objections, no exceptions were or could be saved; there is nothing to review except the points as to the damages. 1 R. S. 1889, sec. 2302; *Hill v. Alexander*, 77 Mo. 302. (4) As Matilda Mosberger, who was made party defendant as to the land in controversy, and through whom appellant claims, had no title thereto when the condemnation case was instituted, the judgment of condemnation passed no title to appellant. The proper defendant was a person having a title appearing of record on the "proper records" of the city. Charter, art. 6, sec. 2; *Ib.*, R. S. 1889, p. 2120, sec. 2. Strictly speaking, the city has no "proper records;" the State furnishes those by means of its courts and recorder's office. (5) When one has sufficient information to lead him to knowledge of a fact he is conclusively deemed cognizant of it. *Lee v. Bowman*, 55 Mo. 403; *Muldrow v. Robison*, 58 Mo. 351; *Meier v. Blume*, 80 Mo. 184; *Mason v. Black*, 87 Mo. 341; *Roan v. Winn*, 93 Mo. 503; *Loring v. Groomer*, 110 Mo. 640; *Hickman v. Green*, 123 Mo. 185. (6) The sale to and receipt of purchase money from Teschemacher (shown by the probate court records) vested a good title in him, and the courts will presume the execution and delivery of a deed to him, because it is the usual course of business. *Long v. Joplin Co.*, 68 Mo. 429. More especially because the statute says the executor should execute and deliver a deed to the purchaser. 1 R. S. 1889, sec. 168.

GANTT, J.—This is an action of ejectment which, was returnable to the circuit court of the city of St. Louis. It resulted in a judgment for plaintiff on January 12, 1895. The land in dispute is thirty feet of a tract containing ninety-three one-hundredths of an acre in block 3770 of the city of St. Louis, which the city claims to have condemned for a part of Martin avenue. The answer is a general denial.

Chronologically stated, the facts in this case are as follows:

*First.* In 1876 William A. Mosberger died, owning a tract of land amounting to ninety-three one-hundredths of an acre, of which the thirty foot strip here in controversy constituted a part.

*Second.* On May 18, 1876, the will of William A. Mosberger was filed for record in the probate court, which will bequeathed all of his property (except $1 each to his two children) to his wife, Matilda Mosberger, and her heirs forever.

*Third.* On the second of June, 1876, Matilda Mosberger qualified as the executrix under said will.

*Fourth.* On the fourth of October, 1878, the probate court ordered the real estate to be sold to pay the debts of the estate.

*Fifth.* On the eighth of March, 1879, Matilda Mosberger, executrix, filed her report of sale, showing that on the fourth Monday in November, pursuant to said order of sale, she sold the third parcel of land described in said order, being ninety-three one-hundredths of an acre (unimproved) and being land of which the thirty foot strip here in controversy constitutes a part, to Emil Teschemacher, for the sum of $150, and the probate court approved said sale.

*Sixth.* On the eighth of March, 1879, Matilda Mosberger, executrix, executed a deed to said land so sold to Emil Teschemacher (but said deed was not put

on record until July 9, 1884, and defendant claims there is no evidence that this deed was ever delivered to him).

*Seventh.* On January 10, 1883, the city passed ordinance number 12,324, establishing Martin avenue from Duncan avenue to the New Manchester road, thirty feet wide, and ordering the city counselor to institute proceedings for this purpose.

*Eighth.* On the thirtieth of July, 1883, the city counselor instituted condemnation proceedings in the circuit court for the purpose of establishing Martin avenue, and Matilda Mosberger was made a party defendant, and was personally served by the city marshal. Thereafter, commissioners were appointed by the circuit court, who assessed the value of the thirty foot strip to be taken from the ninety-three one-hundredths of an acre aforesaid at the sum of $125, in favor of Matilda Mosberger, or the owner of a lot of ground situated in city block 2969, having a front of one hundred and seventy-five feet on Clayton road, by a depth of two hundred and seventy-two feet and seven and one-fourth inches eastwardly.

*Ninth.* The deed to Emil Teschemacher, dated March 8, 1879, was not recorded until July 9, 1884, when he and his wife joined with Matilda Mosberger in a conveyance of the property to Mena Sieferer, wife of Frank Sieferer. The deed from Matilda Mosberger, executrix, to Teschemacher, was then placed upon record on the ninth of July, 1884, and the deed from Teschemacher and Mosberger to Mena Sieferer was placed on record on the tenth of July, 1884, but defendant insists there is no evidence that the deed to Teschemacher was ever delivered to him at any time.

*Tenth.* The final judgment of condemnation was entered in the circuit court on the thirteenth day of November, 1884.

Mr. H. A. Loevy, attorney for plaintiff, testified that he had examined the records of the recorder's office in the city of St. Louis and had failed to find that the will of William A. Mosberger had been recorded in said office. At the time of the death of William S. Mosberger said property was vacant and unimproved and not under fence and so remained until after Tesche-macher and Matilda Mosberger sold it to Mena Sieferer, who in the spring of 1885 caused the same to be fenced, which was removed in June, 1887, from the thirty feet, after the final judgment of condemnation by the city officers.

I.    When this cause was considered by division number two of this court it was held that there was ample evidence of a documentary nature to show title in plaintiff to the land sued for, and that unless the condemnation proceedings by the city were valid the plaintiff's judgment must stand.    The defendant in the circuit court undertook to establish a valid con-demnation, which was controverted at every point by plaintiff. · No declarations of law were asked or re-fused, and as we were wholly unadvised as to the theory upon which the court disposed of the defense inter-posed by the city, we held that inasmuch as no decla-rations of law were given or refused, there was nothing to review on the principal issue in the case.    The learned city counselor having challenged that decision as being out of line with the recognized practice of this court, it was ordered that the case be transferred to the court *in banc* and it has accordingly been reargued. There can be no doubt that it is the uniform practice of this court to apply the law to the facts *when there is an agreed state of facts, or where the evidence is wholly documentary, and its legal effect is simply matter of law. Waddell v. Williams,* 50 Mo. 216; *Henry v. Bell,* 75 Mo. 194; *State ex rel. v. Smith,* 141 Mo. 1, and

numerous other cases to the same effect. We have no disposition to overrule those decisions. But notwithstanding the confidence of the learned counsel to the contrary, the facts are not agreed upon in this case, nor are they conceded. On the contrary, the plaintiff challenged the condemnation proceedings at every step, and the validity thereof is not conceded by plaintiff nor by this court. Among other things plaintiff insisted that the steps taken to condemn this land for a street were without notice to Emil Teschemacher, whom the evidence clearly demonstrates was the owner of the land when the proceeding to condemn was commenced. Mrs. Matilda Mosberger alone was made a party defendant to the condemnation proceeding. William A. Mosberger, her husband, was the last record owner, but he died in 1876 long prior to the passage of the ordinance establishing Martin avenue for which the city attempted to condemn the thirty feet of land in suit. Mosberger left him surviving his widow and two children, William Mosberger and Charles Hugo Mosberger. By his will he devised all his estate, except $1 each to his two sons, to his wife, and made her executrix of his will. She administered and under the order of the probate court sold the lot in suit to Teschemacher and he in turn sold to Mrs. Sieferer, wife of plaintiff. The city only made Mrs. Mosberger, who was neither a record owner nor the actual owner at that time, a defendant as to this lot. There was evidence from which the circuit court was authorized to find that Teschemacher was the owner of the land when the condemnation suit was begun. If so, and that fact was known to the city or its attorneys conducting this proceeding, it was the duty of the city counselor to set forth in his petition the name of Teschemacher as the owner of this lot, and have him

served with summons as directed by section 2, article 6, of scheme and charter of St. Louis, Revised Statutes 1889, page 2120.    On the other hand, *if the owner was unknown* the charter provided for an order of publication.    Neither of these courses was pursued by the city.    Moreover, the charter required that if the owner was unknown, the petition should contain a correct description of the parcel of land belonging to such unknown owner, and the petition for the condemnation of this land did not set forth the land in suit at all nor which of the defendants (if either) owned this tract.    It may be that the circuit court found, as it well might, that Matilda Mosberger was divested of her title as sole devisee of her deceased husband in and to the tract in dispute; that Teschemacher was the owner, and that the city must have either made him a defendant by name or taken an order of publication against an unknown owner of said tract, otherwise the proceeding was void.    If it did so hold, we think it was unquestionably right. Mrs. Mosberger having parted with her title, was not a necessary party to the suit, nor was she a record owner of the tract, and hence naming her as a defendant was without virtue in law.    Or the circuit court may have held that the city, being ignorant of the true owner, was bound to describe the land in its petition and order of publication so as to apprise the unknown owner of the proposed condemnation, and having failed to do so, the proceeding was for that reason void.    If so, we think the judgment for that reason also was right. But in the absence of some declaration of law we do not know what precise theory the court adopted, and the burden is upon the appellant to point out the error. There was evidence to support the judgment, and every presumption is in its favor.    There was a number of facts *dehors* the record which the court, as trier of the facts, was bound to determine, so that this is neither an

agreed case, nor a case calling for the construction of an instrument or record only, but so far as we are advised the judgment appears to be for the right party. The insistence of the learned counsel for the city in this court that there was no evidence that Mrs. Mosberger's deed to Teschemacher was ever delivered, was not raised by instruction in the circuit court, and yet it seems obvious that the circuit court found as a fact that it had been delivered at its date and acknowledgment, and in so doing it indulged a presumption warranted by the decision of many courts of last resort in the States of the Union. *Dausch v. Crane*, 109 Mo. *loc. cit.* 333, 334; *Fontaine v. Bank*, 57 Mo. 553; *Block v. Morrison*, 112 Mo. 343; 1 Devlin on Deeds, secs. 177 and 265; *Dodge v. Hopkins*, 14 Wis. 630; *Osbourn v. Rider*, Cro. Jac. 135; *Blake v. Fash*, 44 Ill. 302; *County v. Bradshaw*, 20 Iowa, 355; *McKinney v. Rhoades*, 5 Watts, 343; *Woodman v. Smith*, 37 Me. 25. If the counsel desired to take the opinion of the circuit court as to whether such a presumption obtains in this State he should have asked a declaration that it did not and given the circuit court an opportunity to pass upon the question. In view of the condition of the record, we are still of opinion that the judgment must be affirmed and that we ought not to assume to pass upon the evidence in the absence of declarations of law given or refused upon the questions mooted in this court.

II. In regard to objections by plaintiff to testimony offered by defendant, there is nothing to show that any of these objections were sustained, and consequently no exceptions were saved. We take it that the evidence must be considered as admitted under the order made "received subject to objection." As no definite ruling was afterward made excluding any of said evidence, we consider it as admitted.

III.    This leaves for our consideration in the present state of the record the second and third assignments in the defendant's brief which are that the court erred in permitting evidence of damage done to the growing crops of plaintiff by the city when it took possession of the property as part of Martin avenue and that the judgment for damages was excessive.

Section 4638, Revised Statutes 1889, expressly permits the successful plaintiff in an action of ejectment under our statutory form to "recover damages for all waste and injury." Such a finding is held to be incidental to the judgment for plaintiff. *Jones v. Manly*, 58 Mo. 559; *Lee v. Bowman*, 55 Mo. 400.

It follows that no error was committed in admitting evidence of the damages which accrued by the city tearing down and removing plaintiff's fence and destroying his garden.

IV.    The court allowed $75 damages for the loss incurred by the destruction of the fencing and crops and loss of rents and profits down to the verdict. The plaintiff had been evicted seven years. One dollar per month seems to have been the basis for the court's finding. There is nothing to indicate that the verdict was unreasonable or excessive.

In *Rines v. Mansfield*, 96 Mo. 394, it was said: "Where it is shown in an action of ejectment that the land in controversy is in cultivation, it can not be said there is no evidence upon which to base a finding as to the value of the monthly rents and profits."

Certainly it can not be said that these damages are more than nominal under the facts in evidence.

Precluded from an investigation of the principal points discussed by the defendant's counsel because no declarations of law were asked or given, and finding no error in the remaining assignments of error, the judg-

ment must be affirmed. BARCLAY, C. J., and SHER-WOOD, BURGESS, MACFARLANE, ROBINSON and BRACE, JJ., concur.