BLANKENSHIP, Appellant, v. DILLEY et al.

### Division Two, May 7, 1901.

Appellate Practice: EJECTMENT: SUFFICIENCY OF RECORD. Where defendant in ejectment, tried to the court, claims title by adverse possession and by a conveyance from the administrator of the person who is the common source of title, and the admission of such conveyance is objected to on the ground of its invalidity appearing on its face, but the record does not show whether it was admitted or re-

jected, or the court's determination of the question of adverse possession, and no declarations of law are given or refused, and no findings of fact made, a judgment for defendant will be affirmed.

Appeal from Daviess Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*H. L. Eads* and *Hamilton & Dudley* for appellant.

(1) The deed to Henry Dilley should not be admitted as evidence. There is nothing appearing from it from which jurisdiction of the probate court can be established. (a) It nowhere appears that there was any petition for sale for payment of debts. (b) Or that exhibits required by law were filed. (c) Or that land was in fact sold to pay debt. (2) In the absence of the record upon which it is based, the administrator's deed is at best but evidence of the facts therein recited. R. S. 1865, p. 499, sec. 37. An order approving sale may cure irregularities, but can not by retroactive effect impart validity to a void sale. Cunningham v. Anderson, 107 Mo. 371.

*Alexander, Richardson & Allen, Gillihan & Brosius* and *T. A. Gaines* for respondents.

(1) An administrator, under the law in force at the time Henry Dilley, administrator, became the purchaser at his own sale of the real estate in controversy, was not prohibited from becoming a purchaser at such sale. R. S. 1855, p. 147, secs. 31, 32, 33, 34 and 35. (2) Judicial sales may be set aside on jurisdictional grounds, but not for mere irregularity. Alans v. Larramore, 51 Mo. 130; Ruggle v. Webster, 55 Mo.

246; Howard v. Stephenson, 11 Mo. App. 411; State ex rel. v. Sargeant, 76 Mo. 557.

SHERWOOD, P. J.—Ejectment for the southeast quarter of the southwest quarter section 20, township 60, range 29, Daviess county, Missouri. Suit brought June 29, 1897, plaintiff alleging he was entitled to possession of the land on the first day of January, 1896. Trial by court without intervention of jury. No declarations of law asked or given, nor any findings of fact by the court.

Court took case under advisement until the next term, when it rendered judgment for defendants. After the usual motions were denied, plaintiff appealed to this court. Plaintiff claims title through mesne conveyances from John Blankenship, the common source of title. Defendants claim title through the same source by reason of an administration sale of the land in question as that of John Blankenship, deceased, and the purchase at such sale in 1864, by Henry Dilley, the administrator, at such sale and a conveyance to Dilley by the then probate judge, in that year, after approval by the court, and a conveyance to them by Dilley.

Defendants also claim title through adverse possession for the requisite period. Plaintiff, it seems, brought the present action in response to proceedings instituted by defendants to quiet title. Plaintiff also claims title through adverse possession. On this point of adverse possession there was conflict of evidence.

In regard to the deed made to Dilley, the administrator, objection was taken by plaintiff to its admission in evidence on the ground that on its face it does not recite that the sale was made for the payment of debts; that the deed was made to the administrator himself, and on its face shows fraud; that it was not put to record for ten years after the death of the

decedent; was not executed till seven years after such death, and five years after the administration should have been closed. This deed was admitted subject to the objections aforesaid, but whether it was finally admitted or finally rejected does not appear. Nor does it appear how the court regarded the matter of adverse possession.

In such circumstances as these, without any declarations given or refused, or any findings of facts, it is too obvious for discussion that any ruling made by this court on such a record, would be a ruling made entirely in the dark. We might uphold the judgment of the *nisi* court on a ground or grounds wholly in accord with those of that tribunal, or else on widely different or repugnant grounds. Or we might, on the facts presented, and on a trial *de novo,* a trial we are not authorized to take jurisdiction over, arrive at a conclusion or conclusions diametrically opposed to those reached in the lower court. We can not tell what view the trial court took of the effect or sufficiency of the deed to Dilley, the administrator, nor what view or effect it gave to the pros and cons about adverse possession. Thus circumstanced, we shall do as done in the recent case of Sell v. Bretelle, 162 Mo. 373, and prior cases, and affirm the judgment. All concur.