Sell v. Bretelle.

---

SELL et al., Appellants, v. BRETELLE et al.

162 373
f162 341
162 373
f164 430

## Division Two, May 7, 1901.

**Appellate Practice: PAROL EVIDENCE: NO AGREED CASE: NO DECLARATIONS OF LAW.** Where there was no agreed state of facts, and the evidence was not wholly documentary, but on one of the issues presented verbal testimony was adduced, which if sustained, made a good defense, and there are no declarations of law, the appellate court will not undertake to decide upon what theory the case was decided. In such case the presumption is in favor of the ruling of the trial court.

Appeal from St. Louis City Circuit Court.—*Hon. Leroy B. Valliant*, Judge.

AFFIRMED.

*Chas. E. Pearce* and *Edw. C. Kehr* for appellants.

(1) Plaintiffs established a complete and perfect title to the property sued for and are entitled to recover. (2) The evidence shows that defendants have no title to the property. Their deeds have been construed and the location of their property determined by an adjudication which is conclusive and binding on them. West v. Bretelle, 115 Mo. 653. (3) The facts given in evidence by defendants sustain neither of their defenses. Sell v. West, 125 Mo. 621; Blodgett v. Perry, 97 Mo. 264; Bompart v. Roderman, 24 Mo. 385. (4) The court

erred in admitting illegal evidence.   Weil v. Posten, 77 Mo. 284; Ramsey v. Henderson, 91 Mo. 560.   (5)   There is no evidence to support the judgment, and the court below erred in overruling plaintiffs' motion for new trial.   Whitmore v. Crawford, 106 Mo. 435; Wilson v. Albert, 89 Mo. 537; Moore v. Hutchinson, 69 Mo. 429; Land Co. v. Bretz, 125 Mo. 418; Williams v. Monroe, 125 Mo. 574.   (6)   The sole questions in the case are questions of law arising upon defendants' evidence and the admissions of the pleadings.   The court below erred in the application of the law to the undisputed facts of the case.   Blount v. Spratt, 113 Mo. 48; Freeman v. Moffitt, 119 Mo. 280; Hickman v. Green, 123 Mo. 195; Gambs' Admr. v. Ins. Co., 50 Mo. 44; Powell v. Railroad, 76 Mo. 80.

*William B. Thompson, Ford W. Thompson* and *E. P. Johnson* for respondents.

(1)   The case of West v. Bretelle, 115 Mo. 653, l. c. 660, holds that the Sarpy lot, called for on the west in the sheriff's deed to Ruffner, was not only a monument but a controlling monument in the case, and for that reason rejects the call for fifty feet in the deed from Washington West to Virginia L. Ruffner's trustee, and substitutes fifty-two and one-half feet in place of it, the exact width that the evidence then showed Sarpy's lot to be.   The deed of Sarpy to Thomas H. West was not in evidence in that case.   With it in evidence, as it is in this case, Sarpy's lot is only fifty feet wide, and it remains not only a monument called for in the deed to Ruffner, but the controlling one in this case, and fixes Ruffner's boundary two and one-half feet further west, covering the land sued for, and making the call for fifty feet in the subsequent deeds correct.   Whitehead v. Ragan, 106 Mo. 236.   (2)   The foregoing disposes of all claim of title in plaintiffs to the land sued

for; but if it does not, the practical construction put on the deed to Ruffner by all of the parties interested, from the time he purchased in 1867 until a suit was brought in 1887, a period of twenty years, was that it conveyed the premises sued for, and this alone would settle any uncertainty in regard to the matter. Wolfe v. Dyer, 95 Mo. 545. (3) If Washington West held the property as trustee, whether the deed to him included the two and one-half feet or not, there was an amicable partition of the estate of Thomas H. West, including the premises sued for, which passed the title to them to Virginia L. Ruffner. the grantor of defendant Bretelle. A parol partition followed by possession, severs the possession among the tenants in common, and passes the equitable title to the respective parties, and is a good defense to an action of ejectment. Nave v. Smith, 95 Mo. 596. The acceptance by a married woman of a deed intended as a partition deed, is binding on her, and valid as a partition. Goodrich v. Harrison, 130 Mo. 267. Not only will the acceptance of a partition deed bind a married woman but she may execute one without her husband. Sutton v. Porter, 119 Mo. 100. And a judgment in partition is binding on a married woman. Ketchum v. Christman, 128 Mo. 38. And a parol partition may be affirmed by a married woman. Sutton v. Porter, 119 Mo. 104; Smith v. Patterson, 95 Mo. 529. A partition of premises is binding on all of the parties to it, passes all of the title each party had in the premises at the time of the institution of the partition suit, or making the parol partition, and estops each from claiming any title in the premises partitioned, irrespective of whether they might have done so, or how the title stood, or who held the title, or whether they were married women, before the partition. Ketchum v. Christman, 128 Mo. 38; Sutton v. Porter, 119 Mo. 100; Case v. Mitzenberg, 109 Mo. 314; Hart v. Steedman, 98 Mo. 456; Forder v. Davis, 38 Mo. 113.

BURGESS, J.—This is ejectment for the possession of an undivided third of two and one-half feet of ground fronting on the north side of Olive street in block No. 117, in the city of St. Louis.

The lot begins at a point fifty feet east of the intersection of the eastern edge of Sixth street with the northern edge of Olive street, thence east with Olive street two and one-half feet; thence northwardly, parallel to Sixth street, one hundred and fifteen feet. The petition was in the usual form, and the answer of Bretelle a general denial. After Bretelle filed his answer he sold out his interest to defendant Carpenter, who, on his own motion was made a party defendant, and filed a separate answer in which he denied generally all the allegations in plaintiff's petition, and then proceeded as follows:

"1. A parol partition on or about November 30, 1878, between the heirs at law of said Thomas H. West, with the allegation that under such partition, Virginia L. Ruffner was placed in possession of the property described in the petition, and the plaintiff, Martha E. Sell, received certain premises in Shaw Place; and that by reason of such partition, the plaintiff is forever estopped from claiming the premises described in the petition.

"2. That in March, 1888, plaintiffs brought a bill in equity against the said Washington West, Virginia L. Ruffner and others, for the recovery of a part of the fifty-two feet six inches, on Olive street, in the possession of said Washington West; that a final decree was rendered in said suit against the plaintiffs, which decree was subsequently affirmed by the Supreme Court of Missouri in the opinion in Sell v. West, reported in 125 Mo. 621, and that such decree is a bar to any action on the part of the plaintiffs herein.

"3. That defendant, and those under whom he claims,

have been in adverse possession of the premises for more than ten years."

As constituting the parol partition, the answer alleges, that on or about the twenty-fourth day of January, 1873, the property described in plaintiff's petition was a part of a lot of ground owned by Thomas H. West, containing a front of fifty-two feet six inches on the north line of Olive street, with two three-story brick houses thereon; that he also owned six lots in Shaw Place and the improvements thereon; that "said Thomas H. West, from the year 1862, and down to the time of his death, collected the rents and profits of the said real estate, notwithstanding he was insolvent and the record title of said real estate was in the name of his son, Washington West, and his son-in-law, Lewis Ruffner, Jr., with the exception of two and one-half feet described in plaintiff's petition, which was intended to be placed in the name of his said son and son-in-law, but, which, by mistake, was left out in the deeds conveying the said property to his son-in-law, Lewis Ruffner, Jr., and his son, Washington West, and which two and one-half feet was covered by the west house of the two houses owned, erected, occupied, possessed and used by said Thomas H. West, during the time the said houses were in the name of said Lewis Ruffner, Jr., and the said Washington West."

The answer further alleged that said Thomas H. West had three children, his daughter, the plaintiff, Martha E. Sell, his daughter, Virginia L. Ruffner, and his son, Washington West; that after the death of said Thomas H. West, to-wit, on or about November 30, 1878, while the title to all of the property therein described was in the name of his son, Washington West, with the exception of the two and one-half feet described in plaintiff's petition, the widow of said Thomas H. West and his said three children agreed upon a partition and division of the real estate owned by the said Thomas H. West, and in pur-

suance of said agreements of partition, the said Virginia L. Ruffner was placed in possession of the lot on Olive street, commencing at a point fifty feet east of the east line of Sixth street, and thence running east along the north line of Olive street to a point in the center line of a private alley, between the two houses on the said fifty-two feet six inches of ground; that the said Washington West was placed in possession of the house on the eastern end of said ground, and that the plaintiff was placed in possession of the lots in Shaw Place, and by reason of accepting the deed of partition, so made under the said agreement, she is forever estopped from claiming any interest, right or title in said fifty-two feet six inches on the north side of Olive street, or in the said premises described in plaintiff's petition.

Plaintiffs, by their reply, denied each and every allegation of new matter contained in the separate amended answer of the defendant Carpenter, except that they "admit that on or before January 24, 1873, Thomas H. West owned the ground described in plaintiffs' petition and also other ground adjoining the ground described in plaintiffs' petition. Plaintiffs admit that the said adjoining ground was occupied by two houses which were erected by said Thomas H. West, and that the said houses and the said adjoining ground and the said ground described in plaintiffs' petition were owned, possessed and used by said Thomas H. West down to the time of his death, and that down to the time of his said death the said Thomas H. West collected the rents and profits of all said real estate." They also admit that said Thomas H. West had three children, to-wit, Martha E. Sell, the plaintiff; Virginia L. Ruffner, wife of Lewis Ruffner, Jr., and Washington West.

The cause was tried by the court without a jury.

Upon the trial it was admitted that John B. Sarpy was the common source of title, and that he owned lot No. 44, as laid

down on the plat of Lucas and Chouteau's addition to St. Louis, said lot beginning at the northeast corner of Sixth and Olive streets, and running thence eastwardly one hundred and thirty-five feet along the north line of Olive street to lot No. 41 of said addition, by a depth northwardly of one hundred and fifteen feet.

Plaintiffs then gave in evidence the deed of John B. Sarpy and wife to Thomas H. West, dated May 3, 1839, recorded in book 12, page 167, conveying the premises described in the petition. The deed describes the lot as beginning fifty feet eastwardly from the intersection of the eastern edge of Sixth street with the northern edge of Olive street, thence eastwardly with the northern edge of said Olive street, two feet and six inches, to the lot of said Thomas H. West; thence northwardly with the western boundary of the lot of said Thomas H. West, one hundred and fifteen feet, more or less; bounded southwardly by the northern edge of said Olive street; eastwardly by lot of said grantee, northwardly by lot of Samuel Mount, and westwardly by lot of said John B. Sarpy.

Plaintiffs proved that Thomas H. West died on the eighteenth day of June, 1878, and left three children, Washington West, Virginia L. Ruffner, and the plaintiff, Martha E. Sell. It was admitted that Thomas H. West died intestate, and that defendants are in possession of the property. Plaintiffs proved the rental value of the property and thereupon rested.

Defendants then gave in evidence, against the objection of plaintiffs, various deeds to property beginning fifty-two and one-half feet east of Sixth street. Plaintiffs objected to each of these deeds as irrelevant because they show upon their face that they do not embrace or affect the strip of two and one-half feet in controversy in this action, but convey property east of it.

The deeds so given in evidence are as follows:

1. John B. Sarpy and wife to Albert G. Edwards, dated

February 4, 1836; recorded book W, page 272.

2.  Albert G. Edwards and wife to Thomas H. West, dated September 1, 1838, recorded book F2, page 252.

3.  Thomas H. West, by sheriff, to Lewis Ruffner, Jr., sheriff's deed, dated September 13, 1867, recorded in book 347, page 98.

4.  Lewis Ruffner and wife to Washington West, deed dated January 24, 1873, recorded in book 462, page 342.

5.  Washington West to Virginia L. Ruffner's trustee. Deed dated November 30, 1878, recorded in book 606, page 516.

Plaintiffs made the same objection to this last deed and on the same ground of objection as to the preceding deeds, and also objected to it upon the further ground that no title was shown in the grantor to the undivided one-third of the plaintiff, Martha E. Sell, to the land in controversy.

The objection was overruled.

Defendants then also offered in evidence, the deed of:

6.  Virginia L. Ruffner's trustee to Ambrose Bretelle, dated October 22, 1884; recorded in book 739, page 430. Plaintiffs objected to said deed upon all the grounds stated in their preceding objections; the court allowed the deed to be read, to which plaintiffs then and there duly excepted.

Defendants then offered in evidence the deed from Ambrose K. Bretelle, the original defendant in this case, to James M. Carpenter, dated November 1, 1893, conveying the lot by the description contained in the last preceding deed.

Plaintiffs objected to the introduction of the deed upon the same grounds of objection previously stated; the court made the same ruling thereon, and plaintiffs duly excepted.

Plaintiffs next offered in evidence the deed of Washington West to Martha E. Sell's trustee, dated November 30, 1878, recorded in book 602, page 293. To which deed plaintiffs ob-

jected for the same reasons as before. The objection was over-ruled, and the deed read, to which action of the court, plaintiffs then and there duly excepted.

Defendants then called Washington West as a witness, whose testimony was to the effect that at the time of his father's death his father owned no property, and that he, the witness, had been in possession of the property, including the two and a half feet in controversy, since 1873, and that Lewis Ruffner, Jr., had been in possession of it before that time; that during that whole time he leased the house, which stood partly on the two and one-half feet, and exercised acts of ownership, collected the rents, and gave his father a power of attorney to collect the rents in his name; that Martha E. Sell had never been in possession of the property before her father's death; that his father had requested him to divide this property, including the Shaw avenue property, between his two sisters and himself; that in pursuance thereof he made the two deeds read in evidence, the one to Andrew W. Mead, trustee for Virginia L. Ruffner, and the other to Andrew W. Mead, trustee for Martha E. Sell; that he explained to Martha E. Sell at the time he delivered the deed that it was her share of her father's estate, and she accepted the deed under the agreement that he had made with his father, and that he had made a deed to the old homestead, including the two and one-half feet in controversy, to her sister Virginia, and the other house he retained himself for his share of the estate, and he never received one dollar for the deed; the deed was made as a partition and division of his father's estate; that after his father's death and at the time of the deed, it was supposed that the value of the Shaw avenue property, transferred to plaintiff, was greater than the value of the property retained for himself or the value of the house and lot in controversy given to his sister, Virginia L. Ruffner.

On cross-examination of Washington West the plaintiffs

called his attention to a letter dated the fifteenth day of September, 1878, written by him to his sister, Martha E. Sell, who was then residing in California. This letter contained a full and complete explanation of all the property owned by Thomas H. West, his insolvency, the fact that the property had been conveyed to his son-in-law, Lewis Ruffner, Jr., then by Lewis Ruffner, Jr., to Washington West, then the request of the father to convey the old house, which was partially on the two and one-half feet in controversy, to his sister Virginia, and the Shaw Place property and improvements thereon to the plaintiff, and to retain the other house himself; that his father left no will; that they were all of age at the time; that he made the deeds and divided the property in pursuance of that request, and that the plaintiff accepted the deed to the Shaw avenue property at the same time he delivered the deed to his other sister, and that the deeds were made in pursuance of this agreement of division, which was one which his father had suggested and which he carried into effect, and this was the same agreement that was set forth in the defendant's answer.

No declarations of law were asked or given. The court found for defendants and rendered judgment accordingly. Plaintiffs appeal.

It has always been the "practice of this court to apply the law to the facts, when there is an agreed state of facts, or where the evidence is wholly documentary, and its legal effect is simply matter of law." [Sieferer v. City of St. Louis, 141 Mo. 586; Henry v. Bell, 75 Mo. 194; State ex rel. v. Smith, 141 Mo. 1; Waddell v. Williams, 50 Mo. 216.]

But when, as in this case, there is no agreed state of facts with respect to the issues in the case, and the evidence is not wholly documentary, but upon at least one of the issues presented by the answer, that is, parol partition of lands of which that in litigation forms a part among the parties interested,

verbal testimony is, adduced in support thereof, in the absence of declarations of law, it is impossible for us to determine upon what theory of the case it was decided, nor will we undertake to do so. If plaintiffs had desired to take the opinion of the trial court upon the questions which they now present upon this appeal, they should have asked declarations in accordance therewith, and thereby given that court an opportunity to pass upon them. The presumption is in favor of the correctness of the ruling of the trial court, and in order to a reversal of its judgment, it devolves upon plaintiffs to show that it committed reversible error, and even though it may have erred in admitting some one or all of the deeds objected to by plaintiffs in evidence, it may have found that there was a parol partition of certain lands of Thomas H. West including the two and one-half feet in question among his heirs of whom plaintiff Martha E. Sell was one, and this the evidence tended to show. As defendants claim title in accordance with that partition, it was, if made, a good defense to plaintiffs' action.

The judgment is affirmed. *Sherwood, P. J.*, and *Gantt, J.*, concur.